**Clifford William GRAHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–02–00095–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 1, 2002.

Decided Jan. 10, 2003.

Discretionary Review Refused
April 16, 2003.

Lew Dunn, Attorney At Law, Longview, for appellant.

Andrea M. Thompson, Appellate Asst. Dist. Atty., F. Alfonso Charles, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., ROSS and GRANT,* JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Clifford William Graham appeals from his jury conviction on his guilty plea for the offense of arson. He pled true to one enhancement, and the jury assessed his punishment at seventy years' imprisonment and a fine of $10,000.00.[1]

Graham contends on appeal (1) that the trial court erred by overruling his motion to suppress his confession, (2) that the trial court erred by permitting television cameras in the courtroom over his objection, (3) that the jury improperly considered the law on parole, and (4) that the evidence is both legally and factually insufficient to support his conviction.

**Graham's Confession**

■ We first address the suppression issue. A pretrial hearing was conducted on Graham's motion to suppress. However, at the end of the hearing, one witness was not available, and the trial court did not rule at that time. We have examined the record and cannot find any point at which the trial court later ruled on the suppression motion or at which the matter was later broached for discussion. In the absence of either an explicit or implicit ruling by the trial court, there is nothing about which to complain. TEX.R.APP. P. 33.1(b). Further, we cannot conclude the court made an implicit ruling in the absence of any language suggesting it had any intention to do so.

Finally, we recognize that, when the statement was admitted into evidence, counsel affirmatively stated he had no objection to its introduction. When a court overrules a pretrial motion to suppress evidence, the defendant need not subsequently object to the admission of the same evidence at trial to preserve error. *Gearing v. State*, 685 S.W.2d 326, 329 (Tex. Crim.App.1985),[2] *overruled on other*

---

* Ben Z. Grant, Justice, Retired, Sitting by Assignment

1. Graham is presently before this Court in two appeals. They are from convictions for separate offenses of arson and are each enhanced by the same prior felony conviction. The jury assessed identical punishments in each case.

2. In relevant part, the court found that, although a failure to rule, followed by a state-

*grounds, Woods v. State,* 956 S.W.2d 33 (Tex.Crim.App.1997); *Fierro v. State,* 969 S.W.2d 51, 55 (Tex.App.-Austin 1998, no pet.); *Hardin v. State,* 951 S.W.2d 208, 210 (Tex.App.-Houston [14th Dist.] 1997, no pet.). Those same cases, however, also hold that the defendant waives his or her pretrial objection if he or she, as did Graham, affirmatively asserts at trial that he or she has no objection to the admission of the evidence. *Fierro,* 969 S.W.2d at 55; *Hardin,* 951 S.W.2d at 210; *Gearing,* 685 S.W.2d at 329. We find that this contention has not been preserved for review.

**Cameras in the Courtroom**

■ Graham next contends the trial court erred by allowing television cameras in the courtroom during the trial. Graham argues this is error and harmful because there was evidence that, at one point, he had called a television station to see if he had made the news.

Graham bases his claim of error on *Estes v. Texas,* 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965). In *Estes,* a widely publicized and media intensive case, the defendant's trial was conducted in a "circus atmosphere" due to the intrusion of press and television equipment in the courtroom. In that opinion, the majority held that, in light of the great notoriety of the trial, due process of law was denied the accused by the televising and broadcasting of the proceedings.

■ Neither the Texas Legislature nor Texas courts have directly addressed televising courtroom proceedings in criminal cases. Each court, however, has "all powers necessary for the exercise of its jurisdiction," TEX. GOV'T CODE ANN.

§ 21.001(a) (Vernon Supp.2003), and is to "control proceedings so that justice is done." TEX. GOV'T CODE ANN. § 21.001(b) (Vernon Supp.2003). Trial courts have broad and plenary power to regulate trials. *Ex parte Jacobs,* 664 S.W.2d 360 (Tex.Crim.App.1984). The courts have that inherent power over "the every day administration of justice" when handling criminal cases. *See Matchett v. State,* 941 S.W.2d 922, 932 (Tex.Crim.App.1996). "[A]bsent a constitutional provision, statute, or rule to the contrary, the trial court has the power to control the procedural aspects of a case." *Marx v. State,* 987 S.W.2d 577, 588 (Tex.Crim.App.1999) (Keller, J., dissenting).

We acknowledge that the "circus atmosphere" decried by the United States Supreme Court remains undesirable and inappropriate for criminal prosecutions. We also recognize that broadcast camera equipment circa 2001 is a far cry from the black and white pedestal cameras used in 1964. It is typically fairly unobtrusive, and there is nothing in this record to suggest the existence of the type of inappropriate atmosphere described in *Estes.* We also recognize that the Texas Supreme Court, in its Rules of Civil Procedure, has set out specific guidelines for the use of cameras in civil proceedings. TEX.R. CIV. P. 18c. Similar rules exist governing the use of broadcast equipment in appellate courts. TEX.R.APP. P. 14.1, 14.2. Although this does not control our analysis, it emphasizes the fact that, in the absence of aggravating factors, broadcast activity in a courtroom is not, standing alone, inappropriate when properly controlled by the

---

ment by counsel that he had no objection to introduction of the evidence, normally waived the error, in that case the trial court did explicitly choose to rule on the motion to suppress after the State rested. The court found that, although unorthodox, this was

adequate to preserve the complaint for appellate review. This reasoning has recently been followed by the Corpus Christi Court of Appeals in *Morrison v. State,* 71 S.W.3d 821, 826 (Tex.App.-Corpus Christi 2002, no pet.).

court. We conclude that, under this record, the trial court did not abuse its discretion by permitting the media to remain in the courtroom.

■ Even if error were shown, counsel has not directed this Court to anything in the record to suggest that an inappropriate situation was caused by the presence of the broadcast media in the courtroom. We find Graham's suggestion that the jury might have reasoned the media was there at his request or desire to be, at most, improbable. Accordingly, we find any error that may have occurred was harmless. We overrule this contention of error.

## Considering Parole

■ Graham next contends error is shown in assessing punishment because the jury improperly considered parole during its deliberations.

■ We generally presume the jury follows the trial court's instructions in the manner presented. *Colburn v. State,* 966 S.W.2d 511, 520 (Tex.Crim.App.1998) (parole charge and allegation of juror misconduct in considering parole); *see Williams v. State,* 937 S.W.2d 479, 490 (Tex.Crim. App.1996) (jury presumed to follow court's instructions as given); *Waldo v. State,* 746 S.W.2d 750, 751 (Tex.Crim.App.1988) (jury presumed to follow instruction to disregard evidence).

In *Colburn,* the court held that the presumption is rebuttable, but that the appellant had pointed to no evidence in rebuttal, and that a jury note suggesting the jury discussed parole at a preliminary point was not sufficient to rebut the presumption. Thus, the court presumed the jury followed the court's instructions and thereafter did not consider the possibility of parole in reaching its verdict. *Colburn,* 966 S.W.2d at 520.

In this case, Graham also points to a jury note as showing the jury's improper actions. In that note, the jury presented the court with the following question:

> A sentence of 60 yr. or a sentence of 80 yr. would both be eligible for parole after 15 yr. less time earned for good conduct.
>
> Yes        No
>
> [/s/]   Ron Shore

There is nothing else in the record to illuminate the jury's deliberations or to suggest that, unlike *Colburn,* this is more than a preliminary question raised by the jury. *Colburn* held that this type of question alone is insufficient to rebut the presumption that the jurors followed the instruction not to consider parole in its deliberations and its final assessment of punishment. This situation is not distinguishable from that addressed in *Colburn.* Accordingly, we overrule the contention of error.

## Sufficiency of the Evidence

■ Graham next contends the trial court erred in convicting him because the evidence was legally and factually insufficient to support the conviction under state statutory and constitutional requirements and also under federal constitutional rights. This contention of error is based on the presumption that this Court would conclude his statement was improperly admitted into evidence and thus would not be considered as proof of his guilt. In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light most favorable to the verdict and look to see whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). In our review, we must evaluate all the evidence in the record, both direct and

**662**

circumstantial, whether admissible or inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App.1999).

In contrast, a factual sufficiency review dictates the evidence be viewed in a neutral light, favoring neither party. *Johnson*, 23 S.W.3d at 7. In determining the factual sufficiency of the evidence to establish the elements of the offense, we view all the evidence in a neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.*

In this case, the conviction is supported by Graham's statement, by his plea of guilty, by his stipulation to the evidence that he had committed the crime, and by his own testimony during the course of the trial. We find the evidence both legally and factually sufficient to support the verdict.

We affirm the judgment.

Concurring Opinion by Justice ROSS.

Concurring Opinion by Justice ROSS.

The United States Supreme Court has concluded that *Estes v. Texas*, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965), did not announce a constitutional rule that all photographic, radio, and television coverage of criminal trials is inherently a denial of due process. *Chandler v. Florida*, 449 U.S. 560, 101 S.Ct. 802, 66 L.Ed.2d 740 (1981). However, because no rule-making authority in Texas has expressly authorized such coverage in criminal cases, trial courts should not permit it in those proceedings. As pointed out by the majority, TEX.R. CIV. P. 18c provides for such coverage in civil cases, and TEX.R.APP. P.

14.1 and 14.2 likewise authorize such coverage. But, these rules provide specific guidelines governing such coverage in those respective proceedings. We have no corresponding guidelines governing photographic, radio, and television coverage of criminal trials, and in the absence of such, trial courts should not allow it, especially over a party's objection, as in this case.[3]

Nevertheless, the United States Supreme Court stated in *Chandler*:

> [A] defendant has the right on review to show that the media's coverage of his case—printed or broadcast—compromised the ability of the jury to judge him fairly. Alternatively, a defendant might show that broadcast coverage of his particular case had an adverse impact on the trial participants sufficient to constitute a denial of due process.

*Chandler*, 449 U.S. at 581, 101 S.Ct. 802.

As no such showing was made in *Chandler*, neither was there in this case. For this reason, I concur in the result.

---

**3.** In *Arnold v. State*, 853 S.W.2d 543, 544 (Tex.Crim.App.1993), the Texas Court of Criminal Appeals held another civil rule of procedure applicable to criminal cases. If the same application is made of TEX.R. CIV. P.

18c, the televising of the proceeding in this case was error because that rule requires the consent of the parties for such televising and Graham clearly did not consent.