NO. 07-04-0492-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 28, 2005
_____

CALIP JOSEPH FARMER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 15,792-C; HONORABLE PATRICK PIRTLE, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant Calip Joseph Farmer appeals his conviction for the felony offense of burglary of a habitation. He presents a single point challenging the failure to suppress incriminating statements he made to police. We affirm.

Officer Brett Thomas of the Amarillo Police Department arrested appellant on January 7, 2004 on a parole warrant. While confirming the warrant at the scene, another officer told Thomas several items found at the location had been reported stolen. Thomas advised appellant of his constitutional rights in accordance with the requirements of

*Miranda v. Arizona.*[1]  Appellant agreed to speak with Thomas and made incriminating statements concerning his participation in a burglary.  He refused to make a written statement without an attorney present.[2]  These events were recorded in the officer's report and appellant was taken to jail.

The following day detective Bennett Landrum, after reviewing the report of officer Thomas, and accompanied by a second detective, interviewed appellant at the jail. Landrum repeated appellant's constitutional rights then transcribed a statement from appellant which again incriminated him in the burglary.  Appellant signed this statement. He was subsequently charged with burglary of a habitation, enhanced by two prior felony convictions.  His counsel filed a motion to suppress any statements appellant made on the basis they were taken in violation of Article 38.22 of the Code of Criminal Procedure and his Fourth, Fifth and Sixth Amendment rights.  The trial court conducted a pretrial hearing on this motion at which appellant and each of the officers testified.  Appellant testified his second statement was not voluntary because it was coerced by the officers.  At the conclusion of that hearing the court found the written statement was given voluntarily and the oral statement, although not recorded, was admissible because it fell within the exception set out in Section 38.22(3)(c) of the Code of Criminal Procedure.

---

[1] 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[2] The officer's report does not appear in the record but during the suppression hearing defense counsel read the following passage as a question predicate: "Calip told me he did not want to write anything down on paper without talking to a lawyer first."

At trial, appellant's objections to evidence of his oral statements were overruled. He affirmatively stated he had no objection when the written statement was introduced at trial. The jury found him guilty and punishment was assessed by the trial court at 25 years confinement in the Institutional Division of the Department of Criminal Justice.

Appellant's single point on appeal assigns error to the trial court's denial of his motion to suppress his statements. He argues his refusal to make a written statement without the presence of counsel was an invocation of his right to the assistance of counsel under the federal and Texas constitutions, requiring suppression of the oral and written statements. Appellant asserts the credibility of the witnesses are not at issue, making the standard for our review of the trial court's ruling de novo.[3] *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). There is no dispute that appellant was in custody at the time of each statement and the statements were the result of questioning by police.

Appellant primarily relies on the well-established rule that invocation of the right to counsel requires cessation of interrogation unless reinitiated by the suspect, *Oregon v. Bradshaw*, 462 U.S. 1039, 1044, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983); *Minnick v. Mississippi*, 498 U.S. 146, 153, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990), and responses to further interrogation are inadmissible. *Jones v. State*, 742 S.W.2d 398, 404 (Tex.Crim.App. 1987). He further cites *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), for the proposition that his refusal to make a written statement without counsel was an invocation of his right to counsel sufficient to preclude further questioning. The State

---

[3] Appellant does not challenge the trial court's resolution of the conflicting evidence on whether his written statement was coerced.

3

relies on the Court's more recent opinion in *Connecticut v. Barrett*, 479 U.S. 523, 107 S.Ct. 829, 93 L.Ed.2d 920 (1987), that a virtually identical limited waiver of rights did not require exclusion of the defendant's oral statement. *Id.* at 529.

In *Barrett*, the defendant agreed to speak with police but "indicated he would not make a written statement outside the presence of counsel." *Id.* at 525. Officers twice attempted to record his oral statement but were unsuccessful. An officer ultimately wrote down his recollection of the statements. *Id.* at 526. The court found the limitation Barrett placed on the waiver of his right to remain silent indicated an understanding of his rights. *Id.* It also characterized his request for counsel as limited and held the officers did not violate the limited invocation of his right to counsel. *Id.* at 529. Appellant acknowledges the holding in *Barrett* is contrary to his position but cites Justice Stevens' dissenting opinion that the majority opinion failed to provide basis for distinguishing its holding from that in *Edwards v. Arizona*. *Id.* at 536 (Stevens, J., dissenting).

Appellant's oral statement to officer Thomas was admissible under the holding in *Barrett*. 479 U.S. at 529. To the degree there is any conflict between *Barrett* and *Edwards v. Arizona*, we are bound by the Court's more recent holding.

Appellant suggests Article I, Section 10 of the Texas Constitution provides greater protection than the federal constitution under *Barrett*. Review of Texas case law leads to the conclusion that is not the case. *See Hernandez v. State*, 988 S.W.2d 770, 772-73 (Tex.Crim.App. 1999) (comparing Article I, Section 10 and Sixth Amendment); *Hernandez*

4

*v. State*, 726 S.W.2d 53, 56 (Tex.Crim.App. 1986) (same); *Ex parte Shorthouse*, 640 S.W.2d 924, 928 (Tex.Crim.App. 1982) (same, Fifth Amendment).

With regard to admission of the written statement obtained by detective Landrum, the State concedes the statement was obtained in violation of appellant's right to counsel. *See Barrett*, 479 U.S. at 928. The State concludes the written statement was not admissible under *Barrett*, but any error was harmless. We find the complaint concerning its admission was not preserved for review. When a pretrial motion to suppress is overruled, no objection to the evidence is required at trial to preserve complaint for appellate review. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex.Crim.App. 1986); *Graham v. State*, 96 S.W.3d 658, 659 (Tex.App.–Texarkana 2003, pet. ref'd). However, when the accused affirmatively asserts during trial he has "no objection" to the admission of the complained-of evidence, he waives any error in the admission of the evidence despite the pre-trial ruling. *Graham,* 96 S.W.3d at 660. Here appellant stated he had "no objection" when the written statement was introduced in evidence. Any error in admitting the statement was waived. *Id.*

We overrule appellant's sole issue and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

5