Affirmed and Majority and Concurring Opinions filed January 26, 2006









Affirmed
and Majority and Concurring Opinions filed January 26, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00883-CR

____________

 

JAMES LEE BYRD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
Judicial District

Harris County, Texas

Trial Court Cause No. 995,232

 



 

M A J O R I T Y   O P I N I O N

Appellant, James Lee Byrd, pled guilty to
the murder of Brenida Johnson, and the jury assessed punishment at 99 years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In two issues, appellant alleges the trial court
erred in (1) admitting unfairly prejudicial medical records of the victim and
(2) giving an ambiguous jury instruction on parole eligibility.  We affirm. 









Factual and Procedural Background

Appellant and Johnson had been living
together at the Skylane Apartments. 
Prior to the incident in this case, on June 29, 2003, police arrested
appellant for assaulting Johnson. He 
pled guilty and was sentenced to 90 days in Harris County Jail.  After being released, sometime during the
evening of August 26, 2003, the power to Johnson=s apartment was
turned off twice.  According to testimony
from her new boyfriend, James Daniel, Johnson suspected appellant turned off the
power.  The next morning, August 27,
Daniel told Johnson to stay in her apartment and call the police, and he would
be there in a few minutes to drive her to work. 
Instead, Johnson left her apartment around 7:00 A.M. to walk to the bus
stop to go to work.

According to appellant, he showed up to
ride the bus with Johnson while she rode to work.  Before getting to the bus stop, appellant
chased Johnson around a car while Johnson screamed for help.  Appellant eventually caught Johnson, sat on
her, and repeatedly stabbed her with a knife appellant had stolen the night
before.  Police arrived at the scene and
arrested appellant. 

Doctors treated Johnson at Ben Taub
General Hospital for stab wounds to her chest, abdomen, arm, heel, and
hands.  While doctors operated, Johnson
received approximately ten liters of blood, twice what the human body
holds.  Her prognosis was poor.  Because of the blood loss, she suffered
significant brain damage, but she was not brain dead.  On October 29, Johnson was transferred to the
Green Acres Convalescent Center in Beaumont in a permanent vegetative
state.  On December 28, she went into
full arrest and emergency room doctors pronounced her dead on arrival at
Memorial Hermann Baptist Beaumont Hospital. 
The cause of death was multiple stab wounds and complications
thereof.  








Appellant pled guilty to murder and
elected for the jury to assess punishment. 
During the punishment hearing, the State admitted over 500 pages of
medical records into evidence, including 340 pages of records from Johnson=s stay at the
Green Acres Convalescent Center.  After
hearing the evidence, the jury assessed punishment at 99 years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  

Discussion

I.                   
Brenida Johnson=s
Medical Records

In his first issue,
appellant contends the trial court abused its discretion when it admitted
Johnson=s medical
records into evidence.  Appellant argues
the admission of this large amount of records, containing intimate and
disturbing details about the daily routine of Johnson=s
life for several months before her death, inflamed the jury and was unfairly
prejudicial to appellant.  To preserve
error in admitting evidence, a party must make a timely and specific objection
and obtain a ruling on that objection.[1]  Tex.
R. App. P. 33.1(a); Wilkerson v. State, 874 S.W.2d 127, 131 (Tex.
App.CHouston
[14th Dist.] 1994, pet. ref=d).


In this case, the State
moved to admit State=s
Exhibit 19 (340 pages of medical records from Green Acres Convalescent Center)
and State=s Exhibit
20 (8 pages of medical records from 
Memorial Hermann Baptist Beaumont Hospital) into evidence.  Appellant made no objection to this
evidence at trial.  Defense counsel
clearly stated to the trial judge he did not have any objection to either
exhibit.  Therefore, appellant preserved
nothing for review, and we overrule this issue. 


II.                
Jury Charge








In his second issue,
appellant contends he was denied due process under the Fourteenth Amendment
when the trial court gave a jury instruction during the punishment phase
according to Article 37.07, Section 4. 
Appellant did not object to this jury instruction at trial.  In the absence of an objection, we will first
determine whether the trial court erred in giving the Article 37.07, Section 4
jury instruction, and if we find error, we will review the complaint according
to Almanza.[2]  Jimenez v. State, 32 S.W.3d 233, 238B39 (Tex. Crim. App. 2000).  

Article 37.07, Section 4
instructs the jury on the mechanics of parole law and is a mandatory jury
instruction.  Tex. Code Crim. Proc. Ann. art. 37.07, ' 4 (Vernon Supp. 2005); Luquis v.
State, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002).  Appellant argues the instruction is ambiguous
and misleading as applied to him because it allows the jury to consider the
existence of parole laws but also instructs them to not consider parole
eligibility as it may apply to this particular defendant.  In essence, appellant contends this
instruction tempts the jury into using parole law when determining a particular
sentence.  Appellant argues there is a
reasonable likelihood this jury was misled and violated the challenged
instruction because they sent out a note during deliberations.  The note said:  AWhat=s the difference between a life
sentence and a 99 [year] sentence? 
Specifically, regarding length of term.@  The trial court=s
response was:  APlease
refer to page 3 of the court=s
charge and continue your deliberations.@  








An appellate court may
presume the jury will follow an instruction as given.  Luquis, 72 S.W.3d at 366; Williams
v. State, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996).  We will not find federal constitutional error
unless we conclude there is a reasonable probability the jury was actually
confused by the instruction.  Luquis,
72 S.W.3d at 366B67.  We presume this jury followed the trial judge=s instructions when first given and
after it received the answer to its question. 
The presumption is rebuttable, but appellant points to no evidence in
rebuttal.  See Colburn v. State,
966 S.W.2d 511, 520 (Tex. Crim. App. 1998). 
Absent any evidence on the issue, we will not engage in raw speculation
regarding the conduct of the jurors. 
Nothing in the jury note alone leads us to conclude there was any
confusion or misapplication of the law.  See
id.; Graham v. State, 96 S.W.3d 658, 661 (Tex. App.CTexarkana 2003, pet. ref=d) (holding a question in a jury note
alone is insufficient to rebut the presumption that jurors followed the
instruction to not consider parole in its deliberations).  Finding no error, we overrule appellant=s second issue.  

Conclusion

Having reviewed and
considered both issues presented by appellant, we affirm the judgment of the
trial court.  

 

                                                                              

 

 

/s/         John S. Anderson

Justice

 

 

 

 

Judgment rendered and Majority and Concurring Opinions filed
January 26, 2006.

Panel consists of Chief Justice Hedges and Justices Anderson and
Frost. (Frost, J., Concurring). 

Publish C
Tex. R. App. P. 47.2(b).

 

 

 











[1]  In its brief,
the State argues appellant did not preserve error because he does not direct
this court to the proper place in the record where the complained of error may
be found.  Appellant=s brief cites to CRII: 320-328 and State=s Exhibits 9-11. 
This citation was clearly in error because this portion of the record
contains a limited number of pages of medical records and photographs of the
crime scene.  Appellant=s brief does cite to the record at RR5: 53-54 where
two exhibits containing medical records were admitted into evidence.  This record reference, along with appellant=s argument in his brief, is sufficient for this court
to ascertain appellant=s first issue pertained to records created after
Johnson=s transfer to the Green Acres Convalescent
Center.  See Tex. R. App. P. 38.1(h).  





[2]  Almanza v.
State, 686 S.W.2d 157, 172 (Tex. Crim. App. 1984) (holding appellant
bringing jury charge error complaint on appeal when no objection was made at
trial must demonstrate the error caused egregious harm).