NO. 07-05-0227-CR


NO. 07-05-0228-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 2, 2006



______________________________




ANTHONY RAY MONTOYA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 41,316-D & NO. 41,317-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Anthony Ray Montoya was convicted of possession of a controlled
substance and assessed a six year sentence and a $2,000 fine, suspended for ten years,
in cause number 41,316-D. He was also convicted of possession of marihuana and
assessed a six year sentence, suspended for ten years, in cause number 41,317-D. A
hearing was held on the State's motions to revoke community supervision for violations of
the conditions thereof. Appellant's plea of true to the State's allegations resulted in the trial
court revoking community supervision and imposing the original sentence of six years
confinement. In presenting this appeal, counsel has filed an Anders (1) brief in support of a
motion to withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under
the controlling authorities, there is no error in the court's judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that he sent a copy of the
brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. 
In addition, counsel has demonstrated that he notified appellant of his right to review the
record and file a pro se response if he desired to do so. The Clerk of this Court has also
advised appellant by letter of his right to file a response to counsel's brief. Appellant filed
a response; however, the State did not favor us with a brief.


 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds. After reviewing the
record, counsel's brief, and appellant's pro se response, we agree with counsel that the
appeal is frivolous. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgments
are affirmed.

 Don H. Reavis

 Justice


Do not publish.

 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



pect, Oregon v.
Bradshaw, 462 U.S. 1039, 1044, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983); Minnick v.
Mississippi, 498 U.S. 146, 153, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990), and responses to
further interrogation are inadmissible. Jones v. State, 742 S.W.2d 398, 404 (Tex.Crim.App.
1987). He further cites Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378
(1981), for the proposition that his refusal to make a written statement without counsel was
an invocation of his right to counsel sufficient to preclude further questioning. The State
relies on the Court's more recent opinion in Connecticut v. Barrett, 479 U.S. 523, 107 S.Ct.
829, 93 L.Ed.2d 920 (1987), that a virtually identical limited waiver of rights did not require
exclusion of the defendant's oral statement. Id. at 529. 

 In Barrett, the defendant agreed to speak with police but "indicated he would not
make a written statement outside the presence of counsel." Id. at 525. Officers twice
attempted to record his oral statement but were unsuccessful. An officer ultimately wrote
down his recollection of the statements. Id. at 526. The court found the limitation Barrett
placed on the waiver of his right to remain silent indicated an understanding of his rights. 
Id. It also characterized his request for counsel as limited and held the officers did not
violate the limited invocation of his right to counsel. Id. at 529. Appellant acknowledges
the holding in Barrett is contrary to his position but cites Justice Stevens' dissenting opinion
that the majority opinion failed to provide basis for distinguishing its holding from that in
Edwards v. Arizona. Id. at 536 (Stevens, J., dissenting). 

 Appellant's oral statement to officer Thomas was admissible under the holding in
Barrett. 479 U.S. at 529. To the degree there is any conflict between Barrett and Edwards
v. Arizona, we are bound by the Court's more recent holding. 

 Appellant suggests Article I, Section 10 of the Texas Constitution provides greater
protection than the federal constitution under Barrett. Review of Texas case law leads to
the conclusion that is not the case. See Hernandez v. State, 988 S.W.2d 770, 772-73
(Tex.Crim.App. 1999) (comparing Article I, Section 10 and Sixth Amendment); Hernandez
v. State, 726 S.W.2d 53, 56 (Tex.Crim.App. 1986) (same); Ex parte Shorthouse, 640
S.W.2d 924, 928 (Tex.Crim.App. 1982) (same, Fifth Amendment). 

 With regard to admission of the written statement obtained by detective Landrum,
the State concedes the statement was obtained in violation of appellant's right to counsel. 
See Barrett, 479 U.S. at 928. The State concludes the written statement was not
admissible under Barrett, but any error was harmless. We find the complaint concerning
its admission was not preserved for review. When a pretrial motion to suppress is
overruled, no objection to the evidence is required at trial to preserve complaint for
appellate review. Moraguez v. State, 701 S.W.2d 902, 904 (Tex.Crim.App. 1986); Graham
v. State, 96 S.W.3d 658, 659 (Tex.App.-Texarkana 2003, pet. ref'd). However, when the
accused affirmatively asserts during trial he has "no objection" to the admission of the
complained-of evidence, he waives any error in the admission of the evidence despite the
pre-trial ruling. Graham, 96 S.W.3d at 660. Here appellant stated he had "no objection"
when the written statement was introduced in evidence. Any error in admitting the
statement was waived. Id. 

 We overrule appellant's sole issue and affirm the judgment of the trial court.




 James T. Campbell

 Justice



Do not publish.
1. 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). 
2. The officer's report does not appear in the record but during the suppression
hearing defense counsel read the following passage as a question predicate: "Calip told me
he did not want to write anything down on paper without talking to a lawyer first."
3. Appellant does not challenge the trial court's resolution of the conflicting evidence
on whether his written statement was coerced.