Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
 ) No. 08-05-00114-CR
EX PARTE: JOHN TURNER                            )
) Appeal from
)
) 205th District Court
)
) of El Paso County, Texas
)
)(TC# 20000D05266-205-01)

O P I N I O N

            John Turner appeals from an order denying his application for writ of habeas corpus based
on a claim of ineffective assistance of counsel. We affirm.
FACTUAL SUMMARY
            El Paso Police Officer Enrique Mier and his partner were dispatched to an apartment
complex on a family violence call. Appellant’s grandmother, Estella Turner, had reported having
trouble with her grandson. When Mier arrived at the scene, Mrs. Turner flagged him down and told
him that Appellant had locked her and her husband out of the apartment. She said Appellant was
dealing drugs and flushing the evidence. Mrs. Turner urged him to hurry and led him to the second-floor apartment. Mier saw that the front door was “wide open.” From the doorway, Mier announced
that he was a police officer and asked whether anyone was inside. No one answered, but Mier could
hear the sounds of an argument and confrontation. Believing family violence might be occurring,
Mier entered to find Appellant and his grandfather in a bathroom with the door half open. Appellant
was flushing marihuana down the toilet as his grandfather asked, “What are you doing? I can’t
believe this, I won’t be able to do anything for you.” Mier found additional marihuana in the
bathroom and placed Appellant under arrest. Mier inititally believed he had entered the
grandparents’ apartment, but during the course of the investigation he learned that Appellant lived
in the apartment alone and Mr. Turner paid the rent.
            At the suppression hearing, Mrs. Turner recalled the police arriving at the apartment. She
told them that her husband and Appellant were inside, but she denied telling Officer Mier anything
else. Mr. Turner told a completely different version of events. He went to the apartment because
his son, Gary Turner, had called to tell him two people were in the apartment and refused to leave. 
Gary and Appellant were not at the apartment when Gary made this phone call. Mr. Turner looked
through the peephole and saw two people in the apartment but they would not open the door. 
Mr. Turner sent his wife to ask the apartment manager for a key. The manager refused because the
Turners were not listed on Appellant’s lease, but he did call the police. Before the police arrived,
Mr. Turner phoned Appellant and asked him to come open the door so they could get the trespassers
out of the apartment. When Appellant returned, they discovered that the trespassers had already fled
by jumping out of the second-floor window. Mr. Turner told Appellant that they should throw away
anything the men might have left behind. Mr. Turner walked outside to tell his wife that the police
were no longer needed. He saw the police walk into the apartment and witnessed Appellant
attempting to flush something down the toilet, although he did not see what it was. 
            A two-count indictment charged Appellant with possessing more than four ounces but less
than five pounds of marihuana (Count I) and tampering with physical evidence (Count II). Appellant
filed a motion to suppress the evidence seized during the warrantless search of his residence. The
trial court denied the motion following the suppression hearing. 
            Appellant entered a negotiated guilty plea to a two-count indictment alleging that he
possessed more than four ounces but less than five pounds of marihuana (Count I), and he tampered
with physical evidence (Count II). Pursuant to the plea bargain, Appellant’s punishment was
assessed at confinement for two years in the state jail, probated for five years, and an $800 fine
(Count I), and imprisonment for a term of five years, probated for five years, and a fine of $800
(Count II). In his notice of appeal, Appellant indicated that he intended to appeal the denial of his
pre-trial motion to suppress. Appellant’s conviction was affirmed in an unpublished opinion issued
on August 29, 2002. See Turner v. State, No. 08-01-00360-CR, 2002 WL 1987906 (Tex.App.--El Paso August 29, 2002, pet. ref’d)(not designated for publication). In that opinion, we held that
the suppression issue was waived when Appellant’s counsel affirmatively stated at the guilty plea
that he had no objection to the admission of the lab report identifying the contraband as marihuana. 
See Turner, 2002 WL 1987906 at *3. The Court of Criminal Appeals denied Appellant’s petition
for discretionary review.
            On July 28, 2004, Appellant filed a writ of habeas corpus pursuant to Article 11.072 of the
Code of Criminal Procedure


 alleging that he was denied the effective assistance of counsel at trial
because his attorney waived the suppression issue. He argued that he would have obtained a reversal
of his conviction had the merits been reached on appeal. The trial court denied habeas corpus relief
and entered written findings of fact and conclusions of law. Appellant timely filed a notice of
appeal.
INEFFECTIVE ASSISTANCE
            In his first three issues, Appellant contends that trial counsel rendered ineffective assistance
by affirmatively stating that he had no objection to the introduction of the lab report identifying the
contraband as marihuana, and therefore, the trial court abused its discretion by denying habeas
corpus relief.
Standard of Review
            In reviewing a trial court’s decision to grant or deny relief on a writ of habeas corpus, we
afford almost total deference to the court’s determination of historical facts supported by the record,
especially when the fact findings are based upon an evaluation of credibility and demeanor. Ex parte
Peterson, 117 S.W.3d 804, 819 & n.7 (Tex.Crim.App. 2003); Ex parte Martin, 6 S.W.3d 524, 526
(Tex.Crim.App. 1999). But if the trial court’s findings are not supported by the record, we may
make contrary findings. Ex parte Peterson, 117 S.W.3d 819 & n.7; Ex parte Adams, 768 S.W.2d
281, 288 (Tex.Crim.App. 1989).
            The proper standard for determining claims of ineffective assistance under the Sixth
Amendment is the two-step analysis adopted by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 988
S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that
counsel’s performance was deficient, to the extent that counsel failed to function as the “counsel”
guaranteed by the Sixth Amendment. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).
Under the second prong, the defendant must establish that counsel’s deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; Jackson,
877 S.W.2d at 771. Prejudice is established by a showing that there is a reasonable probability that
but for counsel’s unprofessional errors, the result of the proceeding would have been different.
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877 S.W.2d at 771.
Failure to make the required showing of deficient performance defeats the ineffectiveness claim. 
Jackson, 877 S.W.2d at 771.
The Trial Court’s
Findings and Conclusions
            The trial court found that:
•          El Paso Police Officers received a family-violence call from Appellant’s grandmother that
there was a family-violence disturbance at the apartments where Appellant lived;
 
•          the officers went to the apartment that was the subject of the disturbance, found the door
wide open, and announced who they were;
 
•          when the officers received no reply, they made a warrantless entry when they heard arguing
and what they believed was a confrontation coming from the bathroom, consistent with a
 family-violence call;
 
•          the officers made entry to see what the argument was about and discovered Appellant, in
plain view, in possession of and destroying marihuana;
 
•          the officers reasonably believed that their entry into the apartment was necessary to protect
and preserve life and prevent a possible serious injury; and
 
•          taking into account the facts and circumstances known to the police at the time of the search,
the officers acted reasonably and were justified in entering and searching the apartment to
determine whether family violence had occurred or was about to occur. 
The court concluded that Mier and his partner were justified in entering the apartment and bathroom
under the emergency doctrine, and therefore, the resulting seizure of the marihuana found in plain
view was lawful. The court further found that because Appellant’s motion to suppress was without
merit, he failed to establish the prejudice prong of the Strickland standard. 
The Emergency Doctrine
            Warrantless searches are per se unreasonable unless they fall under one of a few exceptions. 
Kelly v. State, 669 S.W.2d 720, 725 (Tex.Crim.App. 1984). Under the emergency doctrine, police
officers are not barred from making warrantless entries and searches when they reasonably believe
that a person within is in need of immediate aid. Mincey v. Arizona, 437 U.S. 385, 392, 98 S.Ct.
2408, 2412, 57 L.Ed.2d 290 (1978); Rauscher v. State, 129 S.W.3d 714, 719 (Tex.App.--Houston
[1st Dist.] 2004, pet. ref’d). The emergency doctrine applies when the police are acting in their
limited community caretaking role to “protect or preserve life or avoid serious injury,” not in their
“crime-fighting” role. Laney v. State, 117 S.W.3d 854, 861 (Tex.Crim.App. 2003), quoting Mincey,
437 U.S. at 392, 98 S.Ct. at 2413. If the emergency doctrine applies, the police may seize any
evidence that is in plain view during the course of their legitimate emergency activities. Laney, 117
S.W.3d at 862; Rauscher, 129 S.W.3d at 719.
            In order to justify the search of a residence under the emergency doctrine, the State must
show (1) that the officers had probable cause to search the residence, and (2) that obtaining a search
warrant was impracticable because the officers reasonably believed there was an immediate need to
act in order to protect or preserve life or to prevent serious bodily injury. Brimage v. State, 918
S.W.2d 466, 482 (Tex.Crim.App. 1996); Bray v. State, 597 S.W.2d 763, 765 (Tex.Crim.App. 1980). 
The State is not required to prove an actual emergency existed at the time of the officer's warrantless
entry. Id. Rather, the State need only show that the facts and circumstances surrounding the entry
and search were such that the officers reasonably believed an emergency existed that made obtaining
a search warrant impracticable. Id.
            In determining whether a warrantless search is justified under the emergency doctrine, we
apply an objective standard of reasonableness which looks at the officer’s conduct and takes into
account the facts and circumstances known to the officer at the time of the entry. See Colburn v.
State, 966 S.W.2d 511, 519 (Tex.Crim.App. 1998); Brimage, 918 S.W.2d at 501. We look to ensure
that the warrantless search is strictly circumscribed by the exigencies that justify its initiation. 
Laney, 117 S.W.3d at 862.
Analysis
            All of the trial court’s factual findings are supported by the record. The evidence established
that Officer Mier responded to a family-violence disturbance call at Appellant’s apartment complex. 
Upon arrival, he was flagged down by Appellant’s grandmother, who told him that Appellant locked
the grandparents out of the apartment and flushed drugs down the toilet. Mier went to the upstairs
apartment where he found the door wide open. He announced that he was a police officer but no one
replied. He could hear the sounds of an argument and what he believed to be a confrontation. 
Concerned that family violence might be in progress, Mier entered the apartment. Based on these
circumstances, the trial court found that Mier’s warrantless entry into the apartment was justified
under the emergency doctrine because he had an objectively reasonable belief that family violence
had occurred or was about to occur.
            Appellant contends there was no evidence other than the initial family violence call that a
disturbance occurred in the apartment. This argument disregards Officer Mier’s testimony that he
heard the sounds of an argument and confrontation. We are required to give almost complete
deference to the trial court’s findings of historical fact since they are supported by the record and we
are not free to substitute our judgment for that of the trial court. Those findings lead to a conclusion
that Mier had an objectively reasonable belief that family violence might be occurring or was about
to occur.
            Appellant additionally argues that Mier entered the apartment for the purpose of investigating
whether Appellant was in the process of flushing drugs down the toilet, and not whether family
violence was occurring. We understand Appellant to argue that Mier entered the apartment in his
crime-fighting role to investigate a crime and seize evidence, rather than to perform a community-caretaking function. Although Mrs. Turner told Mier that Appellant was flushing drugs, this does
not diminish the evidence that Mier entered the apartment with an objectively reasonable belief that
family violence might be occurring. Mier’s knowledge that drugs might be found did not render
unreasonable his belief that family violence might be about to occur. The trial court correctly
concluded that the warrantless entry into the apartment was reasonable and justified under the
emergency doctrine such that the seizure of the marihuana found in plain view was lawful. Because
the motion to suppress was without merit, Appellant was not prejudiced by trial counsel’s waiver
of the issue. Points of Error One through Three are overruled.
THE WAIVER ISSUE REVISITED
            In his final issue, Appellant assails our original waiver ruling. He complains that the waiver
doctrine relied upon in our prior opinion has never been and should not be applied in the context of
a guilty plea. We agree with the State that this issue is not preserved for review because Appellant
did not present it in his writ application. See Tex.R.App.P. 33.1(a)(1). And contrary to Appellant’s
assertions, the waiver doctrine relied has indeed been applied in the context of a guilty plea. See e.g.,
Lane v. State, No. 01-04-00121-22-CR, 2005 WL 615369 (Tex.App.--Houston [1st Dist.] March 17,
2005, no pet.)(not designated for publication)(defendant’s statement that she had no objection to 
admission of certain exhibits during her guilty plea before the trial judge waived error); Graham v.
State, 96 S.W.3d 658, 659-60 (Tex.App.--Texarkana 2003, pet. ref’d)(in guilty plea to a jury,
defendant failed to preserve for appellate review claim that trial court erred by overruling his motion
to suppress his confession, where defense counsel affirmatively stated he had no objection to the
introduction of the confession at trial); Sample v. State, No. 02-01-00504-CR, 2003 WL 361117, *1
(Tex.App.--Fort Worth Feb. 20, 2003, no pet.)(not designated for publication)(in guilty plea to a jury,
defendant waived for appellate review his claim that trial court erred in denying defendant’s pre-trial
motion to suppress his incriminating audio statement, where defendant affirmatively stated he had
no objection to introduction of audio tape that contained his statement). Appellant presents no
cogent reason why the waiver doctrine should not be applied in the context of a guilty plea. Issue
Four is overruled. Having overruled each issue, we affirm the order denying habeas corpus relief.


June 8, 2006                                                                
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)