

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00225-CR

_____

TIMOTHY LEE ROBINSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 76th Judicial District Court
Titus County, Texas
Trial Court No. 16,079

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Timothy Lee Robinson was convicted of possession of less than four hundred grams but more than two hundred grams of a controlled substance, to-wit: cocaine, enhanced by a prior felony conviction. After receiving an anonymous tip, Officer Cesar Muñoz, a police officer with the Mount Pleasant Police Department, observed a vehicle being driven by Robinson make a turn without signaling at the intersection of Ninth Street and Margaret Drive. When Muñoz activated his overhead lights, Robinson failed to immediately stop and proceeded several blocks along Margaret Drive to his residence. Robinson challenged whether Muñoz had reasonable suspicion to detain him in a pretrial motion to suppress and relitigated the issue at trial. The State's sole argument in response was that Muñoz had reasonable suspicion to detain Robinson for failure to signal a turn. The trial court denied Robinson's motion. Following the jury's verdict, Robinson appealed.

In our original opinion, we determined that a fact issue existed concerning whether Ninth Street and Margaret Drive merged and deferred to the trial court's determination of this historical fact. *Robinson v. State*, No. 06-09-00225-CR, 2011 Tex. App. LEXIS 200 (Tex. App.— Texarkana Jan. 13, 2011, pet. granted) (mem. op., not designated for publication) *rev'd by* No. PD-0238-11, 2012 Tex. Crim. App. LEXIS 1221 (Tex. Crim. App. Sept. 19, 2012). Although we concluded the trial court did not abuse its discretion in denying the motion to suppress, we reversed finding that the fact issue of whether Ninth Street and Margaret Drive merged entitled Robinson to a jury instruction. *Id.* The Texas Court of Criminal Appeals disagreed that a fact issue existed and concluded that the "only disagreement in this case was not about the character

2

of roadway, but about the legal significance of the character of the roadway." *Robinson v. State*, No. PD-0238-11, 2012 Tex. Crim. App. LEXIS 1221, at *27 (Tex. Crim. App. Sept. 19, 2012). Although finding that Robinson was not entitled to a jury instruction, the Texas Court of Criminal Appeals, noting our resolution of Robinson's suppression issue depended on the existence of a fact issue, remanded this case back to this Court "for further consideration of the appellant's first point of error." *Id*. at *31.

We now conclude that Robinson failed to preserve for appeal the issue of whether the contraband seized in the search was admissible; consequently, the judgment of the trial court is affirmed.

The appellant's first point of error alleges that the trial court erred in failing to suppress all evidence obtained during and subsequent to an illegal traffic stop. In its supplemental brief, the State argues that Robinson waived any error in admission of the evidence found as a result of the search. This argument is based on defense counsel's statement that there was "no objection" to the admissibility of the contraband found during the search. Although the State is normally limited to the issues raised in its original brief, we note that preservation of error is systemic and we must review error preservation before reversing. *Gipson v. State*, No. PD-1470-11, 2012 Tex. Crim. App. LEXIS1548 (Tex. Crim. App. Nov. 14, 2012); *Menefee v. State*, 287 S.W.3d 9, 18 (Tex. Crim. App. 2009).

If the defendant affirmatively states that there is "no objection" when previously challenged evidence is offered, error is waived. *Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005); *Graham v. State*, 96 S.W.3d 658, 659–60 (Tex. App.—Texarkana 2003, pet.

3

ref'd). Some courts have found a limited exception to the general rule if the record affirmatively shows that the trial court did not construe the "no objection" statement as an intentional relinquishment of the previous challenge. In *Shedden v. State*, a suppression hearing was conducted prior to trial, and the trial court denied the motion. When items from the search were offered, counsel for the defendant stated there was "no objection." Later, counsel clarified that he did not intend to waive error, and the trial court expressly represented that it considered the suppression hearing preserved for appeal. *Shedden v.* State, 268 S.W.3d 717, 730 (Tex. App.—Corpus Christi 2008, pet. ref'd). Under those circumstances, the appellate court held that the trial court did not construe the "no objection" statements as a waiver of the issues.

In *Bouyer v. State*, a motion to suppress was filed but not heard before trial. During trial, counsel requested a hearing to challenge the admissibility of evidence. The trial court responded, "[T]here is really no reason not to proceed. If I decide not to allow the evidence, it won't be stated to the jury and they (sic) will not be allowed to consider it." *Bouyer v.* State, 264 S.W.3d 265, 268 (Tex. App.—San Antonio 2008, no pet.). The trial proceeded, and as evidence from the search was introduced, defense counsel stated, "[N]o objection." After the State's evidence was introduced, the trial court conducted an evidentiary hearing and denied the motion to suppress evidence. The San Antonio court explained that since the issue was raised at trial and the trial court agreed to consider the matter at a later time and then held a hearing, the trial court "clearly did not construe Bouyer's "no objection" as a waiver of his motion to suppress[,] notwithstanding the State's contention that Bouyer had waived the objections." *Id.* 268–69.

Here, the issue for determination is whether this record affirmatively demonstrates that the trial judge did not construe Robinson's "no objection" statement as a waiver of his evidentiary objections. One of the primary reasons to require a timely objection is to give the trial judge an opportunity to rule on or even correct previous rulings on the disputed issues. The defense is not required to make any announcement when the State's evidence is offered, and if the record previously contains a timely objection and a ruling, that objection is preserved for appeal. It is only when a defendant announces that there is "no objection" that waiver of the issue occurs.

Here, a suppression hearing was conducted before trial in an attempt to convince the trial court that the search was illegal and to preclude the introduction of evidence gained as a result of the search; the trial court denied the motion. But, when the State offered the damning evidence (a bag of 294 grams of cocaine), defense counsel stated that there was no objection. Only after the State's case had been completed did counsel request the trial judge to reconsider its ruling on the "traffic stop." Of course, a trial judge may always reconsider a previous ruling, but that alone does not convince us that the trial judge here did not construe Robinson's "no objection" response as a waiver of his objections to the evidence. Unlike *Shedden*, the trial court here did not expressly state that the suppression issue was preserved for appeal. The trial court had already ruled on a suppression motion and did not advise counsel that it would be considered at another time as occurred in *Bouyer*. The affirmative statement of "no objection" to the complained-of-evidence waives error despite a previous pretrial ruling. *Estrada v. State*, 313 S.W.3d 274, 302 (Tex. Crim. App. 2005); *Jones v. State*, 833 S.W.2d 118, 126 (Tex. Crim. App.

5

1992).  We find the objection to evidence of the fruits of the search was waived.[1] Having considered the only remaining issue as directed by the Texas Court of Criminal Appeals, we affirm the judgment of the trial court.


                                          Jack Carter
                                          Justice


Date Submitted:        November 20, 2012
Date Decided:          December 13, 2012

Do Not Publish

---

[1]Even though an affirmative statement of "no objection" waives the right to complain of the admissibility of evidence, the defendant may still receive a jury instruction under Article 38.23 of the Texas Code of Criminal Procedure if the evidence raises a contested factual issue that is material to the lawfulness of obtaining evidence. "These are two distinct issues:  one is a legal question of admissibility for the judge and the other is a question of disputed fact for the jury's consideration and resolution." *Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008).