

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00335-CR

---

**MAXIMIANO GONZALEZ, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-1541, Honorable Douglas H. Freitag, Presiding

---

May 26, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

A jury found Appellant, Maximiano Gonzalez, guilty of possession of methamphetamine with intent to deliver in an amount of four grams or more but less than 200 grams.[1]  He pleaded true to an enhancement allegation, and the jury assessed punishment at thirty-five years of confinement.  In two issues, he contends the trial court

---

[1] TEX. HEALTH & SAFETY CODE § 481.112.

abused its discretion by refusing his requested mistake-of-fact jury instruction and by denying his motion for mistrial during punishment deliberations.  We affirm.

## BACKGROUND

In June 2022, Officer Justin Criner with the Lubbock Police Department entered a commercial location to assist a landlord with an eviction.  Upon entering, he found Appellant asleep on a couch.  He also noticed drug paraphernalia and packets of methamphetamine on a nearby table.  After detaining Appellant, Officer Criner used Appellant's digital scale to weigh the methamphetamine, confirming approximately 117 grams.

Appellant told Officer Criner that he worked for "TW" as a confidential informant. Officer Criner recognized "TW" as the street name for Captain Tony Williams of the Lubbock Police Department's narcotics unit.

Officer Criner called Captain Williams, who said Appellant was not a confidential informant and directed Officer Criner to arrest him.  Appellant attempted to persuade Criner not to arrest him, claiming he was trying to work off a case.  Criner, an experienced narcotics officer, testified that Appellant's behavior was inconsistent with that of a legitimate confidential informant and told Appellant he was doing "exactly the opposite" of what a contracted CI would do.

Appellant was indicted for possession of methamphetamine with intent to deliver. At trial, he did not contest possession of the methamphetamine.  In opening statement, defense counsel told the jury that Appellant was guilty of the lesser-included offense of simple possession but lacked intent to deliver because he believed he was acting as a

2

confidential informant.  At the close of the guilt-innocence phase, Appellant requested a mistake-of-fact instruction.  The trial court denied the request.  The jury found Appellant guilty as charged.

During punishment deliberations, the jury sent three notes.  The first requested copies of prior judgments and convictions admitted into evidence.  The second asked, "How long was his previous sentence?  His time served."  The third asked, "Was his full eight years served?"  After the third note, Appellant moved for a mistrial, which the trial court denied.  The jury returned a sentence of thirty-five years of confinement.

## ANALYSIS

Jury Charge Instruction

In his first issue, Appellant argues that the trial court erred by denying his request for a mistake-of-fact jury instruction.  We conclude the trial court did not abuse its discretion because the alleged mistake, even if true, would not negate the culpable mental state required for the offense.

We review a trial court's decision to deny a requested jury instruction for an abuse of discretion.  *Wesbrook v. State,* 29 S.W.3d 103, 122 (Tex. Crim. App. 2000).  Section 8.02 of the Texas Penal Code provides that it is a defense to prosecution that the actor, through mistake, formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.  TEX. PENAL CODE § 8.02(a).  A defendant is entitled to a mistake-of-fact instruction if there is some evidence that, through mistake, he formed a reasonable belief about a matter of fact and that mistaken belief negated the intent or knowledge required for conviction.  *Celis v. State*,

3

416 S.W.3d 419, 430 (Tex. Crim. App. 2013); *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999).

Appellant's claimed mistake was that he believed he was a confidential informant working for Captain Williams. His theory is that this belief negated his intent to deliver because he thought he was gathering drugs for law enforcement, not distributing them. We disagree that this involves a relevant mistake-of-fact under Penal Code § 8.02(a).

Critically, the mistake-of-fact defense "applies only with respect to elements that require proof of a culpable mental state." *Celis*, 416 S.W.3d at 430; TEX. PENAL CODE § 8.02(a). Possession with intent to deliver a controlled substance requires proof that the defendant "knowingly . . . possesses with intent to deliver a controlled substance." TEX. HEALTH & SAFETY CODE § 481.112(a). "Deliver" means "to transfer, actually or constructively, to another a controlled substance." TEX. HEALTH & SAFETY CODE § 481.002(8). The culpable mental state is therefore knowledge that one is possessing a controlled substance with intent to transfer it; knowing the identity of the person to whom it will be transferred is not an element.

The Court of Criminal Appeals' decision in *Celis v. State* illustrates the principle. There, the defendant was charged with falsely holding himself out as a lawyer under Texas Penal Code § 38.122. 416 S.W.3d at 421–22. The statute prohibits a person from holding himself out as a lawyer, with intent to obtain an economic benefit, if he was not licensed or in good standing with the State Bar of Texas or a foreign licensing authority. Celis requested a mistake-of-fact instruction, claiming he reasonably believed he was

4

licensed in Mexico and therefore in good standing with a foreign authority. The trial court denied the instruction. *Id.*

The Court of Criminal Appeals upheld the conviction. It held that the statute prescribed a mental state only as to the intent-to-obtain-an-economic-benefit element, not as to whether the defendant was licensed or in good standing. *Id.* at 424. Because no culpable mental state attached to the "good standing" element, Celis's mistake about his licensing status could not negate a mental state the statute did not require. *Id*.

The same result is compelled here. Appellant's claimed mistake does not negate that he "knowingly . . . possesse[d] with intent to deliver a controlled substance." TEX. HEALTH & SAFETY CODE § 481.112(a). By his own account, he knew the substance was methamphetamine and intended to transfer it to someone. In addition, the jury heard evidence suggesting other badges of an intent to deliver: 117 grams of methamphetamine, the presence of Appellant's digital scale at the scene, as well as numerous unused baggies.

Even if Appellant actually was a confidential informant, Texas law provides no immunity for possessing controlled substances with intent to deliver. Section 481.062(a)(4) exempts peace officers acting in official law enforcement duties from the law's prohibitions. It does not exempt confidential informants, who remain private citizens. Any immunity a confidential informant enjoys flows from prosecutorial discretion, not from statute.

5

Because Appellant's claimed mistake would not negate the culpable mental state required for the offense, he was not entitled to a mistake-of-fact instruction. The trial court did not abuse its discretion in denying the request.

We overrule Appellant's first issue.

Mistrial

In his second issue, Appellant contends the trial court abused its discretion by denying his motion for mistrial after the jury sent notes inquiring about his prior time served. We disagree.

We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Lewis v. State*, No. 07-07-00425-CR, 2008 Tex. App. LEXIS 1540, at *3 (Tex. App.—Amarillo Feb. 28, 2008, no pet.). "A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Hallman v. State*, 721 S.W.3d 307, 313 (Tex. Crim. App. 2025) (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). Only in extreme circumstances — "where the prejudice is incurable" — will a mistrial become necessary. *Hallman*, 721 S.W.3d at 313; *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

We presume the jury follows the trial court's instructions, including the instruction not to consider parole or good-conduct time. *Lewis*, No. 07-07-00425-CR, 2008 Tex. App. LEXIS at *4; *Williams v. State*, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996). Although the jury's notes asked about the length of Appellant's prior sentence and time served, a jury note alone is insufficient to rebut the presumption that the jury followed the court's instructions. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App.1998)

(holding that "[e]ven if the note constitutes evidence the jury discussed parole *at a preliminary point,* we presume they followed the court's instructions and thereafter did not consider it in reaching their verdict"); *Graham v. State,* 96 S.W.3d 658, 661 (Tex. App.—Texarkana 2003, pet. ref'd) (holding a question in a jury note alone is insufficient to rebut the presumption that jurors followed the instruction to not consider parole in its deliberations).

Appellant presented no evidence that the jury actually considered parole in reaching its verdict or that it was confused by the charge. Under these circumstances, the trial court did not abuse its discretion in denying the motion for mistrial. Issue Two is overruled.

## CONCLUSION

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

Lawrence M. Doss
Justice

Do not publish.

7