# NO. 12-12-00366-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSE MANUEL SANDOVAL, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jose Manuel Sandoval appeals his conviction for the offense of aggravated sexual assault of a child.   He raises two issues on appeal.   We modify and affirm as modified.

## BACKGROUND

In 2012, a Smith County grand jury indicted Appellant for the felony offense of continuous sexual abuse of a child, alleged to have occurred from August 1, 2009, to August 1, 2010.[1]   The State later amended its indictment to allege the lesser included offense of aggravated sexual assault of a child, and alleged that the offense occurred on or about February 7, 2010.[2]   Appellant pleaded "not guilty" to the offense, and a jury trial was held.   Ultimately, a jury found Appellant guilty and assessed punishment at life imprisonment and a $10,000.00 fine.   The trial court sentenced Appellant accordingly and ordered payment of court costs.

---

[1] *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2012).

[2] *See id*. § 22.021(a)(1)(B)(iii).

In his first issue, Appellant contends that he received ineffective assistance of counsel during the punishment phase of his trial. Specifically, Appellant argues that counsel was ineffective by not objecting to the jury's improper consideration of parole law as it applied to him.

**Standard of Review**

It is well settled that an accused has the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984). The benchmark for judging any claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*, 466 at 686, 104 S. Ct. at 2064. We follow the standard set forth in *Strickland* to determine whether counsel was ineffective. *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

To prevail on an ineffective assistance of counsel claim, an appellant must prove by a preponderance of the evidence (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Thompson v. State*, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). The first prong of the test requires a showing that counsel made errors so serious that counsel was not functioning as the counsel required by the Sixth Amendment, and that counsel's representation fell below an objective standard of reasonableness. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). The second prong requires a showing that counsel's errors were so serious as to deprive the appellant of a fair trial. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Simply put, the appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Tong*, 25 S.W.3d at 712; *Thompson*, 9 S.W.3d at 812. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Tong*, 25 S.W.3d at 712. If both prongs of the *Strickland* test are not satisfied, we cannot conclude that the trial results were unreliable. *See Strickland*, 466 U.S. at 687, 104 S. Ct. 2064.

Judicial review of an ineffectiveness claim is highly deferential. *See Thompson*, 9 S.W.3d at 813. In conducting this review, we presume that counsel's conduct fell within the wide range of reasonable professional assistance. *See id.* Thus, allegations of ineffectiveness must be

firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See id.* at 814. In the majority of cases, the record on direct appeal is simply undeveloped and cannot adequately reflect the alleged failure of trial counsel in order to satisfy *Strickland's* requirements. *See id.* at 813-14. Trial counsel "should ordinarily be afforded an opportunity to explain [her] actions before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Id.*

## Applicable Law

The code of criminal procedure requires that a parole instruction be given in a jury charge on punishment in most felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (West Supp. 2012). The parole instruction is required when a defendant has been convicted under Section 22.021(a)(1)(B)(iii) of the penal code. *See id.*; TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii) (West Supp. 2012). Section 4(a) provides that a jury is "not to consider the manner in which the parole law may be applied to this particular defendant."

An appellate court may presume that a jury will follow an instruction as given. *Luquis v. State*, 72 S.W.3d 355, 366 (Tex. Crim. App. 2002); *Byrd v. State*, 192 S.W.3d 69, 72 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). Instructions to the jury are generally considered sufficient to cure improprieties that occur during trial. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009) (citing *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) (jury presumed to disregard parole during deliberation when so instructed)). This includes instructions given to the jury after it has begun its deliberations. *See, e.g.*, *Byrd*, 192 S.W.3d at 72; *Graham v. State*, 96 S.W.3d 658, 661 (Tex. App.—Texarkana 2003, pet. ref'd).

## Discussion

The court's charge on punishment included the parole eligibility instruction as required by Section 4(a). *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a). During its deliberations, the jury submitted a note asking the following questions:

> (1) With a life sentence is he ever eligible for parole?
> (2) Does time off for good behavior less[e]n/reduce parole eligibility?
> (3) Does time off for good behavior less[e]n the overall sentence?

Example: 50 year sentence

- Eligible for parole w/ 10 years good behavior [mean] you look 40 overall[,] then he becomes eligible at 20 years or 25 years

(4) With a fine, where does the money go?

With no objection, the trial court answered the jury's note by giving the following response:

The law does not allow the Court to answer your questions. Please refer to the entire Charge of the Court. You are to be guided by the law and instructions contained therein.

The charge of the court instructed the jury (1) that the defendant "may earn time off the sentence imposed through the award of good conduct time"; (2) that "the length of time for which the defendant will be imprisoned might be reduced by the award of parole [but that] he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or thirty years, whichever is less, without consideration of any good conduct time"; (3) that parole eligibility "does not guarantee that parole will be granted"; and (4) that the application of parole law and good conduct time "cannot be accurately predicted . . . because [the decision is] made by prison and parole authorities." Finally, the charge instructed the jury that it could consider the existence of the parole law and good conduct time, but it could not "consider the extent to which good conduct time may be awarded [or] the manner in which the parole law may be applied to this particular defendant."

Appellant concedes that the court's charge on punishment contained the proper parole law instruction and admonished the jury not to consider its application to Appellant. Nevertheless, Appellant argues that, had trial counsel asked the court to respond with the instruction it was required to give by statute, she would have "indicate[d] effective assistance." Appellant contends that counsel's failure to request a more specific instruction "effectively aided in ensuring that his sentence would be on the high-end as the jury's improper consideration of parole for that purpose went unchecked." Appellant argues that instead of acquiescing to the trial court's response, trial counsel should have requested the trial court to instruct the jury that "[y]ou are not to consider the manner in which the parole law may be applied to this particular defendant."

The trial court's response to the jury's question instructing it to refer to the "entire" court's

4

charge is presumed to have been followed. *See Colburn*, 966 S.W.2d at 520; *Byrd*, 192 S.W.3d at 72. The court's charge correctly instructed the jury on the law relating to parole eligibility and good conduct time. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a). Even if the jury's note constitutes evidence that the jury discussed parole at a preliminary point, we presume that they followed the trial court's instructions and thereafter did not consider it in reaching their verdict. *See Graham*, 96 S.W.3d at 661; *Nabors v. State*, No. 12-00-00371-CR, 2002 WL 1362470, at *7 (Tex. App.—Tyler June 21, 2002, pet. ref'd) (mem. op., not designated for publication). Appellant did not file a motion for new trial alleging juror misconduct or obtain a hearing to adduce facts not in the record. Thus, there is no evidence in the record to rebut the presumption that the jury did not consider parole in assessing its sentence. *See Colburn*, 966 S.W.2d at 520.

Appellant has not proved by a preponderance of the evidence that he received ineffective assistance of counsel during the punishment phase of trial that resulted in a breakdown of the adversarial process. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Thompson*, 9 S.W.3d at 812-13. The trial court's response to the jury's question was not error because it instructed the jury to refer to the charge, which correctly stated the law on parole eligibility and good conduct time. Trial counsel's failure to object to that which is unobjectionable is not ineffective assistance of counsel, nor does it cause her performance to fall below an objective standard of reasonableness. *See Tong*, 25 S.W.3d at 712; *Thompson*, 9 S.W.3d at 812; *see also Edmond v. State*, 116 S.W.3d 110, 115 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (trial counsel not ineffective for failing to make frivolous objections); *Doyle v. State*, 875 S.W.2d 21, 23 (Tex. App.—Tyler 1994, no pet.).

The first prong of the *Strickland* test for ineffective assistance of counsel has not been satisfied. *See Strickland*, 466 U.S. at 687, 104 S. Ct. 2064. Accordingly, we cannot conclude that Appellant received ineffective assistance of counsel during the punishment phase of trial. *See id.* We overrule Appellant's first issue.

## COURT COSTS

In his second issue, Appellant argues that the trial court erred in imposing court costs not supported by the bill of costs and by ordering the court costs to be withdrawn from his inmate trust account. After Appellant filed his brief, the record was supplemented with a bill of costs.

Accordingly, we review Appellant's issue as a challenge to the sufficiency of the evidence supporting court costs. *See Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication) (permitting supplementation of record with bill of costs and conducting sufficiency analysis).[3]

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *6 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson*, 2013 WL 3054994, at *3.

Some court costs, such as attorney's fees, may not be assessed against a defendant if he was found indigent because his indigence is presumed to continue throughout the remainder of the proceedings "unless a material change in [his] financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). If a trial court does not make a determination that a defendant's financial circumstances materially changed that is also supported by some factual basis in the record, the evidence will be insufficient to impose attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2012); *Mayer*, 309 S.W.3d at 553; *Wolfe v. State*, 377 S.W.3d 141, 144, 146 (Tex. App.—Amarillo 2012, no pet.).

**Discussion**

The judgment of conviction reflects that the trial court assessed $685.00 in court costs. The supplemental clerk's record shows that the bill of costs also assessed $685.00 in court costs.

---

[3] In his brief, Appellant argues that his due process rights were violated because the imposition of court costs contained in the withdrawal order attached to the judgment was issued without informing him of the statutory basis of the withdrawal. He contends that, because the bill of costs was not included in the record, he has no way to determine, or challenge, whether the costs were correctly assessed. The bill of costs is now included in the record. Appellant has not been deprived of the opportunity to file a supplemental or reply brief to challenge whether the costs in the withholding order were correctly assessed.

Included in the bill of costs is the imposition of $300.00 for attorney's fees. The State concedes that the imposition of attorney's fees is improper. The record shows that Appellant was determined to be indigent on two separate occasions because he received appointed counsel to represent him at trial, and the trial court continued its finding and appointed counsel to represent Appellant on appeal. There is no evidence in the record to rebut the presumption that Appellant's indigence continued throughout the remainder of the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Wolfe*, 377 S.W.3d at 144. Consequently, the evidence is insufficient to support the imposition of attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p), 26.05(g); *Mayer*, 309 S.W.3d at 553; *Wolfe*, 377 S.W.3d at 146. Aside from the attorney's fees, no other items have been challenged as being improperly assessed. Accordingly, the evidence is sufficient to support the imposition of $385.00 in court costs. We sustain Appellant's second issue in part.

## DISPOSITION

Having overruled Appellant's first issue, but sustained his second issue in part, we modify the judgment of the trial court to reflect that the amount of court costs is $385.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $300.00 in attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $385.00. *See Ballinger v. State*, No. 12-12-00280-CR, 2013 WL 3054935, at *3 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication). We *affirm* the judgment of the trial court as *modified*. *See* TEX. R. APP. P. 43.2(b).

SAM GRIFFITH
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2013**

## NO. 12-12-00366-CR

**JOSE MANUEL SANDOVAL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-0585-12)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $385.00. We also modify Attachment A to delete the assessment of $300.00 in attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $385.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

8