**Norman Vernon EDMOND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–01–00386–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 4, 2002.

Discretionary Review Refused
Jan. 29, 2003.

Rehearing Overruled March 18, 2003.

---

Jani J. Maselli, Austin, for appellant.

Eric Charles Carcerano, El Paso, for appellee.

Panel consists of Justices YATES, SEYMORE, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

In three points of error, Norman Edmond appeals his conviction and twenty-five year sentence for possession of cocaine with intent to deliver. Appellant contends his trial counsel was ineffective for failing to file a motion to suppress and failing to object to the disallowance of allocution. Appellant also argues the trial court's alleged refusal to grant appellant allocution violated due process. We affirm.

### Background

Appellant pled guilty to possession of cocaine with intent to deliver. The only evidence in the record of the circumstances of appellant's arrest is Officer Ashby's offense report. The report indicates Ashby detained appellant for failure to maintain a single marked lane. Appellant's hands shook badly as he gave Ashby his license. Appellant told Ashby he was a

truck driver by trade but was driving a friend's car to Texas for the Memorial Day weekend. Appellant denied having had anything to drink. Ashby checked appellant's driver's license and criminal history and returned appellant's license to him. Ashby then advised appellant that one of his duties as a highway patrol officer was to find illegal drugs and asked appellant if he was carrying any contraband. Appellant denied having any drugs in his car and indicated he would allow Ashby to search the vehicle. In order to ensure his own safety, Ashby asked to search appellant's person before searching the car. Appellant trembled visibly during the search of his person. The subsequent search of the vehicle revealed packages believed to contain contraband hidden behind an interior body-panel near the rear seat. A narcotics dog later alerted to the packages, which contained a white powder believed to be cocaine. Ashby arrested appellant.

Appellant testified at sentencing. Appellant admitted he was paid $5000 to drive the car round-trip from Maryland to Texas. He also admitted knowing something was illegal, but disclaimed any knowledge of the presence of the drugs.

### Issues

First, appellant contends trial counsel violated his Sixth Amendment rights by providing ineffective assistance of counsel in failing to file a motion to suppress the cocaine seized by Officer Ashby. Second, appellant contends the trial court's admonition regarding allocution denied appellant his right to due process of law under the Fifth Amendment. Because appellant's trial counsel did not object to the court's admonition, appellant alleges trial

counsel was ineffective. We address issues two and three together.

### Discussion

## I. Ineffective Assistance of Counsel—Issue One

### A. Standard of Review

■ Appellant's trial counsel did not file a motion to suppress the cocaine Officer Ashby seized. Appellant contends this failure rendered his trial counsel's performance ineffective under the Sixth Amendment of the United States Constitution. To prevail on this claim, the record on direct appeal must affirmatively prove appellant's motion to suppress would have been granted. *Jackson v. State,* 973 S.W.2d 954, 957 (Tex.Crim.App.1998) (citing *Roberson v. State,* 852 S.W.2d 508, 510–12 (Tex.Crim.App.1993)).

■ Appellant contends his motion to suppress would have been granted because Officer Ashby's investigatory detention was unlawful under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Detention for the purpose of investigating possible criminal behavior is lawful where the officer can point to specific and articulable facts that, taken together with rational inferences from those facts, reasonably warrant the intrusion. *Id.* at 21, 88 S.Ct. 1868; *Garcia v. State,* 43 S.W.3d 527, 530 (Tex.Crim.App.2001). Such a detention is lawful so long as: (1) the officer's action is justified at its inception; and (2) reasonably related in scope to the circumstances which justified the interference in the first place. *Terry,* 392 U.S. at 19–20, 88 S.Ct. 1868. Appellant's specific contention is that Ashby's discussion of drugs and the request to search appellant's vehicle were not reasonably related to investigation of the original traffic offense, in violation of *Terry's* second prong.[1]

---

1. Both parties agree appellant's detention was    justified at its inception. Officer Ashby de-

■ The second prong of *Terry* is intended to distinguish investigative stops from *de facto* arrests. *United States v. Sharpe*, 470 U.S. 675, 685–86, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). *Terry* stops must be limited in duration. *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) ("An investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop."). *Terry* stops must also be reasonable in the degree of intrusiveness. *Id.* ("the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time."). We address the duration and intrusiveness of appellant's detention under separate headings below.

## B. Duration of Detention

■ In determining whether the duration of detention is reasonable, decisions have often been based upon whether the questioning occurs prior to or after the completion of valid law enforcement functions. *See generally* 4 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 9.2 (3d ed. 1996) (Supp.2002). Ashby's return of appellant's license ended the initial purpose of the stop. *See, e.g., United States v. Dortch*, 199 F.3d 193, 200 (5th Cir.1999). In *Dortch*, after fulfilling the purpose of a routine traffic stop, the officers continued to detain the appellant while awaiting the arrival of a canine team. The Fifth Circuit

found this additional, five to ten minute detention unlawful. *Id.* at 199–200. *Compare United States v. Guzman*, 864 F.2d 1512, 1519 (10th Cir.1988) (illegal to question regarding drugs after investigation for not wearing seat-belt concluded), *with United States v. Shabazz*, 993 F.2d 431, 437 (5th Cir.1993) (no violation of *Terry's* second prong where questioning regarding drugs occurred during pendency of computer check).[2]

The facts of this case fall between those of *Dortch* and *Shabazz*, and are similar to those of *Simpson v. State*, 29 S.W.3d 324, 328–29 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). Mr. Simpson was detained for driving a car with an inoperative brake light. Immediately after performing all lawful activities incident to the tail lamp investigation, the arresting officer asked Simpson if he was carrying any drugs and for permission to search his vehicle. After reviewing *Davis v. State*, 947 S.W.2d 240, 245 (Tex.Crim.App.1997), and *Ohio v. Robinette*, 519 U.S. 33, 41, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996) (Ginsburg, J., concurring), we held the officer's request to be lawful, although additional detention would have been impermissible had the search request been refused. *Simpson*, 29 S.W.3d at 328. *See also United States v. Childs*, 277 F.3d 947, 953–954 (7th Cir. 2002) (en banc) (accord). We reaffirm *Simpson* in holding that appellant's detention, under the particular facts of this case, for a period of time no longer than re-

---

tained appellant for a traffic violation, then ran a computer check using appellant's driver's license. The computer check served a valid law enforcement purpose. *See Davis v. State*, 947 S.W.2d 240, 245 (Tex.Crim.App. 1997) (officer may demand identification, a valid driver's license, and proof of insurance from the driver, and check for outstanding warrants.). *See also McQuarters v. State*, 58 S.W.3d 250, 255–56 (Tex.App.-Fort Worth 2001, pet. ref'd) (officer may request informa-

tion concerning the driver's destination and the purpose of the trip).

**2.** Mr. Shabazz was detained for speeding. While one officer checked Shabazz's license information, the other officer questioned Shabazz and his passenger, Mr. Parker. Because Shabazz's and Parker's responses to innocuous questions did not match, the officer asked to search the car. *Shabazz*, 993 F.2d at 433.

quired to ask two questions is consistent with *Terry's* emphasis on reasonableness. *See* 392 U.S. at 19–20, 88 S.Ct. 1868. *See also Leach v. State*, 35 S.W.3d 232, 234–36, (Tex.App.-Austin 2000, no pet.) (holding request to search reasonable though exact point when request made during six-minute traffic stop not determinable from record); *State v. Griffith*, 236 Wis.2d 48, 613 N.W.2d 72 (2000) (delay to ask single question held not unreasonable).

## C. Intrusiveness of Detention

We next consider whether Officer Ashby's questioning of appellant regarding whether he was transporting drugs rendered the detention unreasonably intrusive. The Tenth Circuit has recently questioned the strict emphasis on chronology delineated by the combination of *Shabazz* and *Guzman*. *See United States v. Holt*, 229 F.3d 931 (10th Cir.2000), *vacated*, 264 F.3d 1215, 1229 (10th Cir.2001) (en banc). In *Holt*, one panel of the court held questioning regarding drugs was unlawful even though it occurred during the first four minutes of the stop and during the time the officer was writing a warning for a seat-belt violation. The full court vacated the panel opinion, affirming the detention and search on grounds unrelated to the drug inquiry. *Holt*, 264 F.3d at 1227 (Ebel, J.). The plurality thereby obviated the need to decide whether questioning about drugs during a routine traffic stop is beyond the scope of interrogation authorized by *Terry* and *Royer*. *Id.* at 1227–28.[3]

■ On this particular issue, we adopt the reasoning set forth in *United States v. Childs*. In *Childs*, the Seventh Circuit held that questions asked of persons involved in traffic stops are not "seizures" and thus do not require reasonable suspicion unless they unreasonably prolong the physical detention. 277 F.3d 947, 951–952 (citing *Shabazz*, 993 F.2d at 436.). Our holding is consistent with prior decisions like *Shabazz*, which identify the duration of detention as the key determinate of reasonableness under *Terry* and its progeny. Because we have already established appellant's detention was not unreasonably prolonged in this case, questioning appellant regarding drugs was permissible. Accordingly, appellant has failed to demonstrate that a motion to suppress would have been granted and that his trial counsel was ineffective. *See Jackson*, 973 S.W.2d at 957.[4]

Appellant's first issue is overruled.

## II. Allocution—Issues Two and Three

In his second issue, appellant contends the trial court violated his right to due process by denying him the right to allocution before sentencing. Allocution is the court's "formal inquiry as to whether the defendant has any *legal cause* to show why judgment should not be pronounced against him on verdict of conviction."[5] *See* BLACK'S LAW DICTIONARY 76 (6th Ed.1990) (italics added). The right to allocution is absolute under Texas statutory law. *See* TEX.CODE CRIM. PROC. ANN. art.

3. The New Jersey supreme court, although construing the New Jersey constitution, recently held a suspicionless, consensual search is unconstitutional whether it precedes or follows completion of a lawful traffic stop. *See State v. Carty*, 170 N.J. 632, 647–48, 790 A.2d 903, 912–13 (2002).

4. We note appellant does not contend on appeal that his consent to the search was involuntary.

5. To the extent appellant contends the trial court's instruction that appellant restrict his statements to those having a basis in law was erroneous, the contention is without merit under the textbook definition of allocution.

42.07 (Vernon Supp.2002) ("defendant shall be asked").

 Appellant cites the following exchange with the trial judge after the judge had castigated appellant for his part in "ruining America" by transporting cocaine:

> Court: Do you have anything to say, Mr. Edmond, why the sentence of this Court should not be pronounced against you, sir?
>
> Defendant: Well, sir—
>
> Court: Anything legal to say?

Appellant fails to provide the court with the remainder of the exchange, which affirmatively rebuts appellant's claim he had no opportunity to speak in his defense. The record continues:

> Defendant: Sir, I would like to say that, you know, I didn't know, you know, the quantity, the amount that I was driving in that car. And it is true that what I told the detective and everything, the gentleman approaching me knowing I needed financing, that is true and I am not trying to get over on anybody or anything like that. But I did do something wrong.
>
> Court: I understand. Anything else?
>
> Defendant: No, sir.

The record does not support appellant's contention he was denied the right to allocution.[6] We overrule appellant's second issue.

Appellant's third issue is a contention appellant's trial counsel was ineffective in failing to object to the court's denial of the right to allocution. Trial counsel is not ineffective for failing to make a frivolous objection. *See Cooper v. State,* 707 S.W.2d 686, 689 (Tex.App.-Houston [1st Dist.] 1986, pet. ref'd) (failure to object to admis-

sible evidence is not ineffective assistance). Appellant's third issue is overruled.

We affirm the judgment of the trial court.

---

6. Because the denial of the allocution is unsupported by the record, we need not decide whether the right is constitutional. *See Eisen*

*v. State,* 40 S.W.3d 628, 635 (Tex.App.-Waco 2001, pet. ref'd) (holding common-law right to allocution not constitutional).