Affirmed and Memorandum Opinion filed July 27, 2006








Affirmed and Memorandum Opinion filed July 27, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00682-CR

____________

 

JESSE COSSIO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 999902

 



 

M E M O R A N D U M   O P I N I O N

Appellant Jesse Cossio was convicted of driving while
intoxicated with a child passenger and sentenced to 180 days= confinement and a
$1,500 fine.  In a single issue, appellant claims he received ineffective
assistance of counsel at trial.  We affirm.








On the evening of September 5, 2004, Officer Dutch Lane of
the La Porte Police Department pulled over appellant and his minor son after
observing appellant speeding and failing to drive in a single lane.  Officer
Lane noticed appellant=s breath smelled of alcohol and that he
had bloodshot eyes and slurred speech.  Consequently, the officer administered
several field sobriety tests, which revealed impairment Aclues,@ and asked
appellant what he had to drink that night.  Appellant first stated that he had
one beer and then admitted he had four.  Officer Lane arrested appellant, and
the State charged him with driving while intoxicated with a child passenger.

Before trial, the State filed a notice of intent to use
evidence of appellant=s August 15, 1995 forgery conviction. 
Appellant testified at trial on May 24, 2005, about three months before the
prior conviction became ten years old.  During direct examination, appellant=s counsel asked
him about the prior conviction. On the same date, appellant signed a
stipulation to the prior conviction.  The prosecutor cross-examined appellant
about the conviction but did not enter the stipulation into evidence until the
punishment phase.








In his sole issue, appellant claims his counsel was
deficient for introducing his prior conviction.  Ineffective assistance claims
are governed by the two-pronged test announced in Strickland v. Washington,
466 U.S. 668 (1984).  To prove ineffective assistance, appellant must show (1)
that counsel=s representation was deficient, falling below the
standard of prevailing professional norms, and (2) a reasonable probability
that the result of the proceeding would have been different but for trial
counsel=s deficient
performance.  Id. at 687B96; Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005).  Appellant bears the burden of proving
ineffective assistance by a preponderance of the evidence.  Rodriguez v.
State, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995).  There is a strong
presumption that counsel=s conduct fell within the wide range of
reasonable professional assistance.  Salinas, 163 S.W.3d at 740.  To
defeat this presumption, A>any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness.=@  Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (quoting McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).  When no specific
reason is given for counsel=s decisions, a record on direct appeal
will rarely contain sufficient information to evaluate an ineffective
assistance claim.  See Bone v. State, 77 S.W.3d 828, 830, 833 (Tex.
Crim. App. 2002); Thompson, 9 S.W.3d at 813B14.  Further, when
counsel has not been afforded an opportunity to explain his or her decisions,
we do not find deficient performance unless the challenged conduct was A>so outrageous that
no competent attorney would have engaged in it.=@  See Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

At the time of trial, appellant=s prior conviction
was less than ten years old, and thus its admissibility was governed by Texas
Evidence Rule 609(a).[1] 
Rule 609(a) provides that evidence that a witness was convicted of a prior
felony or a crime of moral turpitude is admissible to attack the witness=s credibility if
the court determines its probative value outweighs its prejudicial effect.  See
Tex. R. Evid. 609(a). 
Appellant claims that, because he was eighteen years old when he was convicted
and nearly ten years had passed since the date of conviction, the prior
conviction would Alikely@ have been
inadmissible under Theus v. State, 845 S.W.2d 874 (Tex. Crim. App. 1992).  In Theus,
the Court of Criminal Appeals listed five nonexclusive factors for weighing a
prior conviction=s probative value against its prejudicial
effect.  Id. at 880.  However, appellant concedes that all but one of
the Theus factors support the prior conviction=s admissibility.[2] 
Thus, because the State had given notice of its intent to introduce this likely
admissible prior conviction, counsel could have reasonably decided to introduce
it first and thereby Aremove the sting@ from the impact
of it first coming from the State.  See Virgil v. State, No.
14-99-00214-CR, 2001 WL 123990, at *3 (Tex. App.CHouston [14th
Dist.] Feb. 15, 2001, pet. ref=d) (not designated for publication)
(stating that this Acommon practice@ may constitute Asound trial
strategy, particularly where credibility is an issue@); see also
Rodriguez v. State, 129 S.W.3d 551, 558B59 (Tex. App.CHouston [1st
Dist.] 2003, pet. ref=d) (noting that questioning defendant
first about prior conviction that State intended to introduce was sound
strategy to bolster appellant=s credibility). 








Appellant additionally argues counsel should have at least
first tested the admissibility of the prior conviction outside the jury=s presence before
introducing it.  Although we agree that counsel could have made such a
preliminary motion, we note that, to succeed on this claim, appellant must show
the motion would have been successful.  See Jackson v. State, 973 S.W.2d
954, 957 (Tex. Crim. App. 1998) (holding that to prevail in an ineffective
assistance claim for failing to attempt to suppress evidence, the defendant
must show that the motion to suppress would have been granted); Edmond v.
State, 116 S.W.3d 110, 112 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d) (noting that to prevail on such a
claim, Athe record on
direct appeal must affirmatively prove appellant=s motion to
suppress would have been granted@).  As discussed
above, appellant concedes that four of the Theus factors support
admissibility.  Accordingly, appellant has not met his burden of demonstrating
that counsel was deficient.  

We overrule appellant=s sole issue and
affirm the judgment of the trial court.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment rendered
and Memorandum Opinion filed July 27, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Although in his brief, appellant suggests that Ait is not entirely clear@ whether his prior conviction occurred within ten years of trial, the
record shows appellant stipulated to a forgery conviction date of August 15,
1995 and made no objection to its admission during punishment.  





[2]  The Theus factors include (1) the impeachment
value of the prior offense, (2) the temporal proximity of the prior offense
relative to the charged offense and the defendant=s subsequent history, (3) the similarity between the prior and charged
offenses, (4) the importance of the defendant=s testimony, and (5) the importance of the credibility issue.  Theus,
845 S.W.2d at 880.  Appellant concedes that all but the second factor support
admissibility of the prior conviction.