**Affirmed and Memorandum Opinion filed August 11, 2016.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-15-00435-CR

**RICHARD LELON OWENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1357596**

## M E M O R A N D U M   O P I N I O N

Appellant Richard Lelon Owens appeals his felony conviction for indecency with a child. *See* Tex. Penal Code § 21.11. In his sole issue, appellant claims he received ineffective assistance of counsel at trial. We affirm.

### FACTUAL BACKGROUND

The State contends that on or about May 15, 2012, appellant engaged in

unlawful sexual contact with his daughter, three-year-old A.O.,[1] while she was spending the weekend with him. A.O.'s maternal great-grandmother ("Grandmother") testified that she was putting A.O. to bed one evening when A.O. asked Grandmother to scratch her back. After Grandmother complied, A.O. asked Grandmother to scratch her stomach. Lastly, A.O. asked Grandmother to "rub [her] pookie." Grandmother testified that "pookie" was A.O.'s word for vagina. According to Grandmother, when she refused, A.O. stated: "Well, my daddy does it."

The next day, Grandmother told A.O.'s mother ("Mother") about the incident, and A.O. also described the abuse to Mother. Following A.O.'s outcry, Mother took her to the pediatrician, who referred A.O. to Child Protective Services. A.O. then visited Children's Safe Harbor for a forensic interview, where she again reported sexual abuse by appellant. The results of a subsequent physical exam were normal.

A few months later, A.O. began visiting Dr. Burnett, a child therapist. Although A.O. was initially willing to discuss appellant's conduct and confirmed her allegations of sexual abuse, she eventually refused to discuss the matter. At trial, A.O. testified that she could not remember whether appellant touched her inappropriately, and she stated that she did not remember telling Grandmother about anything that happened while she was visiting her father.

The jury heard testimony from Grandmother, Mother, and the investigating officer, as well as several doctors and interviewers, including Dr. Burnett. Following trial, the jury found appellant guilty, and the trial judge sentenced him to fifteen years in prison.

---

[1] On appeal, we use only the complainant's initials.

## ANALYSIS OF APPELLANT'S ISSUE

On appeal, appellant claims that he received ineffective assistance of counsel at trial because his attorney "failed to object to inadmissible opinion evidence supporting [A.O.'s] credibility."[2]

## Standard of Review

We examine claims of ineffective assistance of counsel by applying the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). *See Ex parte Jimenez*, 364 S.W.3d 866, 882–83 (Tex. Crim. App. 2012). Under *Strickland*, appellant must prove by a preponderance of the evidence that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See id.* at 883.

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information

---

[2] In the portion of appellant's brief labeled "Summary of the Argument," appellant also states that he received ineffective assistance because trial counsel "failed to object to inadmissible hearsay evidence" and to "the admission of complainant's hearsay, recorded forensic interview." However, appellant does not provide any argument or cite any cases to support these claims, and they do not appear in the subsequent analysis section of appellant's brief explaining how trial counsel rendered ineffective assistance. Thus, we do not address these contentions. *See* Tex. R. App. P. 38.1(i).

to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In most cases, the appellant is unable to meet the first prong of the *Strickland* test because the record is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

Here, appellant did not file a motion for new trial alleging ineffective assistance of counsel or develop a record of trial counsel's reasons for his actions. The record is silent as to trial counsel's strategy.

## No Ineffective Assistance

At trial, the State elicited the following testimony from Dr. Burnett:

Q [State]: When you first came into contact with [A.O.] and her mother, Kayla Owens, was Kayla Owens able to explain to you— without saying what she said, was she able to explain to you why she brought [A.O.] to see you?

A [Burnett]: Yes.

Q: At the time that she was explaining that to you, why [A.O.] was there, did she understand the importance of her being truthful in telling you about [A.O.'s] symptoms?

A: Yes.

Q: And was that readily apparent to you that the truth of those symptoms would be important for you in helping [A.O.]?

A: Yes.

Q: Is it fair to say that Kayla Owens' statements . . . to you regarding [A.O.] were motivated to get [A.O.] help?

A: Yes.

Q: And that she was hoping that by telling you [A.O.'s] symptoms that would help in the process of [A.O.] getting treatment?

A: Yes.

Q: All right. All of those questions that I just asked you about, the importance of telling the truth and whether or not it was readily

4

apparent to you, *does that all hold true with [A.O.] as well when she would speak to you?*

*A: Yes.*

Appellant contends that trial counsel rendered ineffective assistance by failing to object to the State's last question. To demonstrate that trial counsel's failure to raise an objection amounted to ineffective assistance, appellant must show that the trial court would have erred in overruling the objection. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011); *Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Appellant cannot make such a showing.

A witness's direct opinion about the truthfulness of another witness is inadmissible evidence. *See Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997) ("Expert testimony does not assist the jury if it constitutes 'a direct opinion on the truthfulness' of a child complainant's allegations.") (citing *Yount v. State*, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993)). Such testimony is inadmissible "because it does more than 'assist the trier of fact to understand the evidence or to determine a fact in issue;' it *decides* an issue *for* the jury." *Yount*, 872 S.W.2d at 709 (citing *Duckett v. State*, 797 S.W.2d 906, 914–15 (Tex. Crim. App. 1990)) (emphasis in original).

Although we recognize that "there is a 'fine but essential' line between helpful expert testimony and impermissible comments on credibility," we do not believe Burnett's testimony falls within the latter category. *See Schutz*, 957 S.W.2d at 60 (citing *State v. Meyers*, 382 N.W.2d 91, 98 (Iowa 1986)). Contrary to appellant's contention, Burnett's testimony offered no opinion as to A.O.'s truthfulness. *See Cohn v. State*, 849 S.W.2d 817, 818 (Tex. Crim. App. 1993); *Owens v. State*, 381 S.W.3d 696, 706 (Tex. App.—Texarkana 2012, no pet.).

Burnett merely stated that she believed A.O. knew the importance of telling the truth. This was not an impermissible comment on A.O.'s credibility.

Furthermore, Dr. Burnett's testimony was necessary to establish the applicability of the hearsay exception found in Rule 803(4) of the Texas Rules of Evidence, which the State asked the court to apply after an objection from defense counsel. *See* Tex. R. Evid. 803(4). Rule 803(4) provides a hearsay exception for statements made for the purpose of medical diagnosis or treatment. *See id*. In *Taylor v. State*, the Court of Criminal Appeals held that:

> [I]t is incumbent upon the proponent of the [803(4)] hearsay exception to make the record reflect both 1) that truth-telling was a vital component of the particular course of therapy or treatment involved, and 2) that it is readily apparent that the child-declarant was aware that this was the case. Otherwise, the justification for admitting the out-of-court statement over a valid hearsay objection is simply too tenuous.

268 S.W.3d 571, 590 (Tex. Crim. App. 2008). Dr. Burnett's testimony indicated that both A.O. and Mother understood the importance of telling the truth and that truth-telling was important in A.O.'s treatment. Because Dr. Burnett's testimony was essential to establish the 803(4) exception, a hearsay objection by defense counsel would have been properly overruled. *See Munoz v. State*, 288 S.W.3d 55, 59–60 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (holding that trial court did not err in allowing hearsay testimony of therapist where testimony established both prongs of *Taylor* test). Trial counsel is not ineffective for failing to make futile objections. *See Edmond v. State*, 116 S.W.3d 110, 115 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd); *see also Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004) (concluding that counsel was not ineffective for failing to object to admissible testimony). We therefore overrule appellant's sole issue.

## CONCLUSION

We affirm the judgment of the trial court.

/s/    Ken Wise
        Justice

Panel consists of Justices Busby, Donovan, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).