

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00090-CR

SETH ROBERTS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2014-404,057, Honorable William R. Eichman II, Presiding

October 11, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Seth Roberts, appellant, appeals his conviction for aggravated robbery. Through two issues, he contends that 1) the evidence was insufficient to establish his identity as the robber, and 2) he received ineffective assistance of counsel. We affirm.

### Background

On September 2, 2014, a white male entered a local Subway restaurant, entered and exited the bathroom, approached the sales-counter, drew a handgun, pointed the weapon at the cashier, and demanded money. The cashier (Williams) opened the

register, turned around, moved-away slightly, and watched the individual via the reflection off a glass door behind the counter. The individual, who was wearing sunglasses, gloves, and a Texas Rangers baseball cap, removed money from the register and left.

Williams first saw the robber when he entered the store because he not only failed to remove his glasses but also wore gloves. The latter were not called for, in her view, given the nature of the weather. That the person also walked to the bathroom upon entering the store seemed odd to her.

The crime was captured on store video. It depicted a person 1) wearing a white T-shirt, jeans, a red cap, sunglasses and black gloves, 2) removing a handgun from his pants, 3) walking to the cash register, and 4) ejecting a round from the side of the weapon during the incident. Video from a neighboring Domino's store depicted the same individual entering a green SUV and leave the scene after the robbery.

Despite investigation, the police had yet to arrest anyone for the crime when two people eventually came forth. One was appellant's roommate (Lara). The other was Lara's mother. The latter provided a tip to law enforcement personnel identifying appellant to be the robber. Lara had given the relevant information to his mother. Thereafter, the police contacted Lara, who was in jail at the time. They afforded him opportunity to view video of the robbery. After seeing it, Lara identified the robber as his roommate and did so based on a comparison between the assailant's walk and that of appellant. So too did he indicate that the vehicle in the video was like that owned by appellant's girlfriend.

Additionally, Williams eventually encountered a picture of appellant in the newspaper. She immediately recognized the person depicted as the one who robbed the Subway restaurant and informed the police of same. This and other information led to appellant's arrest. When arrested, appellant was driving a green SUV like that seen in the Domino's video. The police discovered a gray lock box in the vehicle. Written on the box was appellant's name, and in it were two handguns and a pair of gloves. At least one weapon matched the handgun used in the robbery. The gloves also matched those worn by the robber.

After trial, the jury convicted appellant of the aforementioned offense. Appellant then appealed.

### *Issue One – Insufficient Evidence Regarding Identification*

In his first issue, appellant contends that the eyewitness identification by Williams and Lara were inherently unreliable. According to him, the "testimony from the victim [employee] that she recognized Roberts from a picture she saw in the newspaper, after the robbery occurred, and Lara's testimony that he recognized the Appellant by how he walked is intrinsically unreliable and should be viewed with skepticism by this Court." We disagree and overrule the issue.

The pertinent standard of review is well-known. Rather than reiterate it, we cite the parties to recent authority on the matter. *See e.g., Marshall v. State*, 479 S.W.3d 840, 845 (Tex. Crim. App. 2016); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

As mentioned above, both Williams and Lara identified appellant as the robber. They did so before and during trial. But their testimony was not the only evidence tying

3

him to the crime. For instance, there is the evidence of 1) the similarities between the SUV appellant was arrested in and that was used in the robbery as depicted in on the Domino's video, 2) the similarities between the items found in the SUV when appellant was arrested and the items exhibited by the robber, *i.e.* gun and gloves, 3) appellant's ownership of a ball cap similar to that worn by the robber, 4) the similarities between the facial hair of both the robber and appellant, 5) appellant's knowledge of a fact involved in the robbery that only the police and the victim knew, *i.e.* small amount of cash taken, and 6) the way the suspect handled the gun, which indicated to a witness that he had military or law enforcement experience and appellant had both.

It may well be that the testimony of Lara and Williams was subject to legitimate criticism. Yet, it was admitted, and the jury was free to consider it. More importantly, those jurors had the authority to assign it the level of credibility they thought appropriate. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (stating that the jury is the sole judge of the credibility and weight to be attached to the testimony of a witness and when the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination). Therefore, viewing the record in the light most favorable to the verdict, we find evidence upon which a rational jury could have found, beyond reasonable doubt, that appellant committed the robbery.

### *Issue Two – Ineffective Assistance of Counsel*

In his second issue, appellant contends that his trial counsel was ineffective for failing to present expert testimony regarding the unreliability of eyewitness testimony

4

and for failing to request a jury instruction also on the unreliability of such evidence. We disagree and overrule the issue.

An appellant claiming ineffective assistance of counsel bears the burden of proving by a preponderance of the evidence that 1) counsel's representation fell below an objective standard of reasonableness and 2) the deficient performance prejudiced the appellant. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Failure to make the required showing of either deficient performance or sufficient prejudice is fatal to a claim of ineffective assistance. *Id.*

Regarding the first instance of allegedly deficient conduct, the failure to call an expert is irrelevant absent a showing that such a witness was available to testify on the issue in question and that the testimony would have benefitted appellant. *See King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Garza v. State*, 298 S.W.3d 837, 842-43 (Tex. App.—Amarillo 2009, no pet.). No such factual showing was made here. Furthermore, the record contains no evidence as to why trial counsel did not call such a witness. That too is problematic since we presume that counsel based his decisions and actions on sound trial strategy. *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). Generally, that presumption cannot be overcome absent evidence of those reasons and motives appearing in the record. *Ex parte Niswanger*, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011). In other words, he may have had basis for why he did what he did, and without knowing what that basis was we cannot assess whether it could be viewed as sound trial strategy for purposes of analysis required by *Lopez. See Ex parte Saenz*, 491 S.W.3d 819, 829 (Tex. Crim. App. 2016) (noting the court's responsibility to objectively scrutinize the claim of strategy). And this is especially so when counsel's

5

action is not so outrageous that no competent counsel would have pursued it. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (stating that absent an opportunity for counsel to explain his conduct, an appellate court should not find his performance deficient unless the challenged conduct is so outrageous that no competent attorney would have engaged in it).  Counsel's purported omission at bar does not fall within that realm given his vigorous cross-examination of State witnesses.

As for the missing jury instruction, the record again fails to disclose why trial counsel did not seek it.  So, nothing appears of record rebutting the presumption that counsel's actions were based on sound trial strategy.  Furthermore, appellant acknowledged in his brief that ". . .  it is difficult to fault counsel for not requesting a jury instruction that currently does not exist in Texas . . . ."  This observation seems especially pertinent since trial counsel is not obligated to urge frivolous or baseless matter to be effective.  *Edmond v. State*, 116 S.W.3d 110, 115 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (holding that counsel need not assert baseless objections to be effective).

In sum, we do not find that appellant carried his burden of proving ineffective assistance.

Having overruled both issues, we affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.


6