

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-17-00137-CR

---

MONICA CARBAJAL GALLEGOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 207th District Court
Comal County, Texas
Trial Court No. CR2012-012, Honorable Gary L. Steel, Presiding

---

## December 18, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Monica Carbajal Gallegos (appellant) appeals from a judgment revoking her community supervision, adjudicating her guilty of "theft with two or more convictions for the same offense," and sentencing her to serve two years in a state jail facility. Three issues pend before us. Two involve the purported ineffectiveness of her attorney while

the third concerns the trial court's refusal to grant an oral motion to continue the proceeding. We affirm.[1]

*Background*

The circumstances underlying appellant's complaints arose when the State's motion to adjudicate guilt and revoke her probation came for hearing. Counsel for appellant announced that he was not prepared because he was preparing for a preferential setting in another criminal matter before the same court. Counsel also brought two motions to the court's attention. The first was his written motion to withdraw due to his inability to "effectively communicate" with appellant. The second was appellant's *pro se* motion seeking to "dismiss" him because he allegedly had not communicated with her for more than twelve minutes since being appointed. She stated in her *pro se* motion that she feared her attorney would not effectively represent her. Despite counsel being the second attorney appointed to her, she now wanted to hire her own.

After hearing argument from appellant as well as counsel for the defense and the State, the trial court denied the motions. It apparently did so after 1) reading the grounds for revoking appellant's community supervision and noting that there was just one "primary allegation," 2) asking defense counsel what he needed to be prepared, 3) hearing defense counsel reply that he needed to obtain two witnesses, 4) noting that one of the witnesses counsel sought was present,[2] 5) affording defense counsel opportunity

---

[1] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply that its precedent when available in the event of a conflict between the precedents of that court and this court. TEX. R. APP. P. 41.3.

[2] Defense counsel subsequently represented that he spoke with appellant and concluded that the second witness was not critical to appellant's defense.

to talk to both appellant and the witness, 6) moving the hearing from its morning setting to the afternoon to afford appellant and her counsel opportunity to prepare, 7) determining whether appellant had actually retained other counsel like she suggested she had (which she had not), 8) observing that the State's motion to adjudicate guilt would not be heard for some thirty to sixty days if not heard that day, 9) observing that appellant would remain incarcerated for that thirty to sixty day period, 10) noting that appellant uttered at least one misrepresentation in her motion to dismiss counsel, 11) observing that defense counsel was "highly qualified" based on the judge's knowledge of him over the past nineteen years, 12) stating that the State expended much time and resources in preparing for the hearing and securing the presence of witnesses from other counties, 13) concluding that appellant's request to seek new counsel was a "delay tactic," and 14) hearing defense counsel ultimately represent that he was ready to proceed if appellant were not given leave to retain alternate counsel.

The hearing on the State's motion began. Witnesses testified, including appellant. Thereafter, the trial court found "true" two of the four grounds warranting appellant's adjudication of guilt, granted the State's motion to adjudicate guilt, convened a hearing on punishment, heard evidence on that matter, adjudicated appellant's guilt and levied the aforementioned sentence.

*Issue One – Ineffective Assistance*

Appellant first asserts that her conviction should be reversed because she was denied the effective assistance of counsel. Allegedly, "[her] trial counsel did not provide reasonably effective assistance when counsel failed to prepare for the . . . revocation

3

hearing by failing to confer with [her] and failing to investigate the alleged violations of community supervision." We overrule the issue.

As addressed in the Third Court of Appeals' decision in *Gomez v. State*, No. 03-16-00020-CR, 2017 Tex. App. LEXIS 6865 (Tex. App.—Austin July 25, 2017, no pet.) (mem. op., not designated for publication), there are two prongs to an ineffective assistance claim, and the claimant has the burden to satisfy both by a preponderance of the evidence. *Id.* at *5-6. They are deficient performance and prejudice. *Id.* The failure to prove either requires us to deny the claim. *Id.* Furthermore, when the claim is founded upon an allegation that counsel failed to investigate, the appellant must show what evidence would have been obtained by the investigation and that it would have helped him. *Id.* at *6-7. With this in mind, we turn to the record before us.

First, nothing in the record reveals the extent to which defense counsel may or may not have investigated the allegations. He simply represented at the hearing that he was not prepared due to the need to prepare for a preferentially set criminal trial before the same trial court. That is not the equivalent to proof of no investigation or no effort to prepare, as suggested by appellant. Indeed, he knew of at least two witness he wanted to obtain; that suggests some type of investigation or preparation.

So too did he indicate to the trial court immediately before the afternoon hearing began that he was ready to proceed, subject to the court's ruling on whether his client should be granted leave to retain other counsel. And, by that time, he had been given additional opportunity to further talk to appellant and get ready.

As to what evidence counsel would have obtained had he been prepared, the appellant simply mentions "the possible existence of video surveillance from outside the

4

mall that her attorney in Harris County was working on obtaining." "It is probable, *if such a video exists*, the video would confirm her assertion" that she did not intend to shoplift from J.C. Penney, according to appellant.[3] (Emphasis added). Allusion to the "possible existence of a video" falls short of satisfying her obligation to show what evidence would have been obtained had counsel investigated and prepared. In other words, appellant asks us to speculate on 1) whether such a video existed, 2) the content captured by the video, and 3) on whether that content, if any, was favorable to her. Speculation is not proof of the existence of favorable evidence. Again, appellant was obligated to show *what evidence would have been obtained*, *Gomez v. State*, *supra*, not what evidence may or may not exist.

And, if her explanation why she left the store were true, she had at least thirty days after her conviction to cure the supposed default of trial counsel, confirm whether or not the video existed, and append evidence of the video (if it existed) to a motion for new trial. Yet, the record contains neither a motion for new trial nor an allegation that she filed one accusing her trial attorney of deficient performance. So, again, what she left us with is speculation, and claims of ineffective assistance "are not built on retrospective speculation." *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).

In sum, appellant failed to establish the claim that her counsel provided ineffective assistance. Thus, we cannot accept it.

---

[3] One ground uttered by the State in its motion to adjudicate guilt involved appellant shoplifting from a J.C. Penney store. A video captured her taking several bras, a hair care device, and several NFL football team jerseys and walking out of the store without paying for them. She alleged at the hearing that she left the store without paying because her children were sick and one regurgitated upon leaving the store. The security officers who followed appellant recalled no signs of regurgitation. Nor did they recall appellant attempting to justify her departure by asserting that her children were sick. Rather, they recalled appellant saying that she left her credit card in the car.

*Issue Two – Ineffective Assistance – No Motion to Continue*

Next, appellant contends that her defense counsel was ineffective because he was unprepared and did not file a written motion to continue the hearing on the State's motion to adjudicate guilt. We overrule the issue.

First, no hearing was conducted on appellant's claim of ineffective assistance. Thus, her defense counsel was never afforded the opportunity to explain why he filed no motion to continue the hearing. As stated in *Menefield v. State*, 363 S.W.3d 591 (Tex. Crim. App. 2012), "counsel 'should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.'" *Id.* at 592-93 quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

Second, appellant made no attempt to illustrate that a continuance would have been granted had a motion been filed. This is of import. Because counsel need not utter frivolous objections to be considered effective, *Edmond v. State*, 116 S.W.3d 110, 115 (Tex. Crim. App. 2002); *Ex parte Cooper*, No. 05-16-01243, 2017 Tex. App. LEXIS 1196, at *5 (Tex. App.—Dallas Feb. 10, 2017, no pet.) (mem. op., not designated for publication), we see little reason to impose upon him the duty to file motions which would not have been granted. So, appellant's burden would implicitly require her to show that a motion to continue would have been granted, and she made no effort to do that. And, we cannot but wonder if such a motion would have been granted given the trial court's allusion to appellant's historic attempts to delay disposition of the case via her repetitive requests for new counsel.

Finally, nothing is said about prejudice by appellant. That too is elemental to winning a claim of ineffective assistance given that it is one prong of the two-pronged test. *Gomez v. State, supra.*

*Issue Three – Error in not Granting a Continuance*

Finally, appellant argues that the trial court erred in refusing to grant trial counsel's oral motion to continue the hearing at issue and that under the circumstances she was denied a fair hearing and the right to effective counsel. We overrule the issue.

An oral motion to continue fails to preserve a complaint about the failure to continue a criminal matter; the motion must be in writing and its allegations attested to. *Blackshear v. State*, 385 S.W.3d 589, 590-91 (Tex. Crim. App. 2012); *see* TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006) (stating that a criminal matter "may be continued on the written motion of the State or of the defendant, upon sufficient cause shown"). Furthermore, no due process exception exists to the requirement for a written and sworn motion. *Blackshear*, 385 S.W.3d at 591. So, appellant's complaint about being denied a "fair hearing," i.e., due process, is inconsequential, even if it were raised at trial and not proffered for the first time on appeal.

Second, appellant failed to prove that her counsel was ineffective, as explained in our disposition of issue one. Without such a showing, we can hardly conclude that the trial court's decision to proceed denied her the assistance of effective counsel.

Having overruled each issue, we affirm the trial court's judgment.

Per Curiam

Do not Publish

7