**Affirmed and Memorandum Opinion filed August 21, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00119-CR

---

**DAMON LEE DOZIER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 16CR0278**

---

## M E M O R A N D U M   O P I N I O N

Appellant pleaded guilty to cruelty to a non-livestock animal and true to two enhancement paragraphs for prior felony offenses without an agreed recommendation from the State on punishment. After the trial on punishment, the trial court sentenced appellant to seven years' incarceration. In two issues on appeal from his seven-year sentence, appellant complains that he received ineffective assistance of counsel by his trial attorney's failure to (1) object to appellant's sentence as cruel and unusual punishment in violation of the United States and Texas Constitutions; and (2) advocate

during closing argument for deferred adjudication or regular probation, or in the alternative, a specific, lenient, and proportionate prison sentence. We affirm.

## BACKGROUND

In mid-October 2015, appellant called the police from a Kroger's grocery store and said someone was trying poison his dogs, Zeus and Zena. The officer, who responded to the call, said that appellant was intoxicated on drugs and the dogs "looked fine." The officer drove appellant and the dogs back to appellant's sister's house.

Two weeks later, on October 28, 2015, an individual accused Zeus of biting him. Officer Josh Henderson of the Galveston Police Department's Animal Service Unit took Zeus from appellant and, following standard procedure, quarantined Zeus for ten days to observe him for rabies. Zena remained with appellant.

At that time, appellant was staying at an apartment with a friend. Appellant had been depressed since Zeus was taken from him, and he was paranoid and believed that his friend was conspiring with others to take Zena from him. On November 3, 2015, appellant, who was intoxicated from Ecstasy and cocaine, left the apartment after he and his friend argued. Appellant took Zena with him.

While appellant and Zena were walking, appellant believed they were being followed by someone driving a Honda Civic, which made him "more and more paranoid." Appellant believed that the person in the car was going to wait until he fell asleep and then take Zena. Appellant "had it set in my mind that it wasn't nobody going to take Zena from me . . . and I stabbed Zena." Appellant tried to get Zena to come to him after he realized what he had done, but Zena ran away. Appellant pursued Zena for a couple of blocks but stopped and went to a store where he "paced back and forth on the sidewalk" and came off his high. Appellant did not attempt to locate Zena. Appellant returned to the apartment and told his friend that he had given away Zena.

On November 5, 2015, Officer Henderson received a call regarding a deceased

2

dog on the porch of a house. Officer Henderson went to investigate and found that the dog was Zena and took her to Dr. Lea Fistein, a veterinarian, who performed a necropsy on Zena.

Zena's condition suggested that she had been dead for more than 24 hours. There was still food in Zena's stomach, which meant that Zena was alive for some time after she was stabbed and before she died.

The knife used to stab Zena was still in her body. Dr. Fistein described the knife as a dagger with hooks. The handle of the knife had bite marks and, therefore, it was "very possible" that Zena tried to pull the knife out of herself. Dr. Fistein was not able to remove the knife with her hand, but, instead, had to make an incision to remove it. In sum, Dr. Fistein stated that she "suspected that [Zena] died fairly miserably a day or two after being stabbed" and the stabbing caused unjustified or unwarranted pain and suffering.

Appellant was arrested and charged with cruelty to a non-livestock animal. Appellant pleaded guilty to the charged offense and true to two felony enhancement paragraphs for assault of a family member and burglary of a habitation. Appellant was convicted of a second-degree felony as enhanced with a punishment range of two to twenty years' incarceration and a fine up to $10,000. The trial court assessed punishment at seven years' incarceration and no fine.

Appellant does not appeal his conviction, but only challenges his seven-year sentence. Appellant claims that he received ineffective assistance of counsel because his trial attorney failed to (1) object to appellant's sentence as cruel and unusual punishment in violation of the United States and Texas Constitutions; and (2) advocate during closing argument for deferred adjudication or regular probation, or in the alternative, a specific, lenient, and proportionate prison sentence.

## STANDARD OF REVIEW

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. Art. I, § 10. The right to counsel necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The United States Supreme Court has established a two-prong test to determine whether counsel is ineffective. *Id.* First, appellant must demonstrate counsel's performance was deficient and not reasonably effective. *Id.* at 688–92. Second, appellant must demonstrate the deficient performance prejudiced the defense. *Id.* at 693. Essentially, appellant must show his counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

Judicial scrutiny of counsel's performance must be highly deferential, and we are to indulge a strong presumption counsel was effective. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We presume counsel's actions and decisions were reasonably professional and that they were motivated by sound trial strategy. *Id.* Moreover, it is appellant's burden to rebut this presumption by a preponderance of the evidence, via evidence illustrating why trial counsel did what he did. *Id.* Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect representation. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). It is not sufficient for the appellant to show, with the benefit of hindsight, that his counsel's actions or

4

omissions during trial were merely of questionable competence. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant "must show that counsel's errors were so serious that he was not functioning as counsel." *Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995). We may not assume a lack of sound trial strategy on the part of trial counsel merely because we are unable to discern any particular strategic or tactical purpose in counsel's trial presentation. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) ("A vague, inarticulate sense that counsel could have provided a better defense is not a legal basis for finding counsel constitutionally incompetent. . . . [A] defendant must prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission.").

If appellant proves his counsel's representation fell below an objective standard of reasonableness, he still must affirmatively prove prejudice as a result of those acts or omissions. *Strickland*, 466 U.S. at 693. If appellant fails to make the required showing of either deficient performance or prejudice, his claim fails. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

## ANALYSIS

### *Failure to Object to Sentence*

In his first issue, appellant contends that he received ineffective assistance of counsel when his trial attorney did not object to his sentence of seven years' imprisonment as cruel and unusual punishment in violation of the United States and Texas Constitutions.

The United States Constitution prohibits "cruel and unusual punishment," while the Texas Constitution prohibits "cruel or unusual punishment." U.S. Const. amend VIII; Tex. Const., art. I, § 13. However, there is no jurisprudential significance in the

different phrasing of these two phrases as they appear in the United States and Texas Constitutions. *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997).

The prohibition on cruel and unusual punishment requires that punishment be graduated and proportioned to the offense. *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016). But this narrow principle does not require strict proportionality between the crime and the sentence. *Id.* "Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* (quoting *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality op.)).

To determine whether a sentence for a term of years is grossly disproportionate, a court must judge the severity of the sentence in light of (1) the harm caused or threatened to the victims; (2) the culpability of the offender; and (3) the offender's prior adjudicated and unadjudicated offenses. *Id.* at 323. Only in the rare case in which this threshold comparison leads to an inference of gross proportionality will a court then compare the defendant's sentence with sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id.* Punishment assessed within the statutory limits, including punishment enhanced in accordance with a habitual-offender statute, is not excessive, cruel, or unusual. *Id.*

The range of punishment for a second-degree felony offense is imprisonment for a term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. *See* Tex. Penal Code Ann. § 12.33.

Appellant's sentence of seven years' incarceration with no fine assessed is at the low end of the range of punishment for a second-degree felony.[1] The stabbing of Zena was lethal and she suffered in great pain for some time while she was dying. Appellant

---

[1] Accordingly, there is no inference of disproportionality that would justify comparing appellant's sentence to those imposed on other offenders in the same jurisdiction or with the sentences imposed for the same crime in other jurisdictions. *See Simpson*, 488 S.W.3d at 323.

pled guilty to the offense and acted alone. Moreover, appellant had an extensive criminal history, which included (1) a conviction for theft; (2) three convictions for assault of a family member; (3) two convictions for possession of a controlled substance; and (4) a conviction for burglary of a habitation. Appellant's sentence does not constitute cruel and unusual punishment.

"To establish ineffective assistance of counsel based on a failure to object, appellant must demonstrate that the trial court would have committed harmful error in overruling the objection if trial counsel had objected." *DeLeon v. State*, 322 S.W.3d 375, 381 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Appellant cannot demonstrate that the trial court would have erred in overruling any objection to the seven-year sentence. *See Jagaroo v. State*, 180 S.W.3d 793, 801 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (explaining that the appellant must show that the trial court would have erred in overruling counsel's objection to the punishment as cruel and unusual before the court could conclude counsel was ineffective for failure to make such an objection). "It is not ineffective assistance of counsel to forego making frivolous arguments and objections." *Edmond v. State*, 116 S.W.3d 110, 115 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Therefore, appellant has not satisfied the first prong of *Strickland* by failing to establish that trial counsel's representation fell below the objective standard of reasonableness by not objecting to appellant's seven-year sentence as cruel and unusual punishment. We overrule appellant's first issue.

## *Failure to Advocate*

In his second issue, appellant asserts that he received ineffective assistance of counsel because his trial attorney did not advocate during closing argument for deferred adjudication or regular probation, or in the alternative, a specific, lenient, and proportionate prison sentence. We do not have a record showing defense counsel's

reasons for not arguing for community supervision or a more lenient sentence. Without such record, appellant cannot meet his burden to rebut the presumption by a preponderance of the evidence that his trial counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson*, 877 S.W.2d at 771.

In any event, during his closing argument, appellant's trial attorney argued that appellant had had "mental problems for some time" and pointed out that appellant had been diagnosed with bipolar disorder since he had been in jail and prescribed medication for his condition. Counsel further argued that appellant had shown remorse for harming and killing Zena and was "very upset and weeping" when he saw pictures of her.

Appellant has not demonstrated that his trial counsel's performance was deficient, nor that any errors "were so serious that he was not functioning as counsel." *See Patrick*, 906 S.W.2d at 495. Having failed to establish that trial counsel's representation fell below the objective standard of reasonableness, appellant has not satisfied the first *Strickland* prong. We overrule appellant's second issue.

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/     Martha Hill Jamison
         Justice

Panel consists of Justices Boyce, Jamison, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

8